## ROBERT J. VANDEWATER v. P. A. McRAE, JOHN C. FALL, WM. P. DENCKLA, AND M. FULLER.

JUDGMENT ON NOTE AND MORTGAGE NOT A BAR TO ACTION AGAINST INDORSER.—
A judgment against the maker of a promissory note secured by a mortgage ex-
ecuted by him simultaneously with the note for the amount due on the note, and
directing a sale of the mortgaged premises and an application of the proceeds on
the judgment, costs, etc., is not a bar to an action against the indorser of the note,
who indorsed the same at the time of its execution for the accommodation of the
maker.

APPEAL from the District Court, Twelfth Judicial District,
City and County of San Francisco.

The cause was, by the agreement of the parties, referred to
Alexander Campbell, as sole referee, to try the case and report
a judgment.    The referee reported a judgment in favor of the
defendants.    This report was, on motion of the plaintiff, set
aside and a new trial granted, and the present appeal is from
that order.

The other facts are stated in the opinion of the Court.

*Hoge & Wilson*, for Appellants.

The case entirely turned upon the finding and opinion of the
referee, that this action against the defendants as indorsers of

the note in question, was barred by the proceedings and judgment in the foreclosure suit, set out in the report of the referee.

By the amendment to the two hundred and forty-sixth section of the Practice Act, adopted in 1861, it was provided that there should be *but one action for the recovery of any debt, or the enforcement of any right secured by mortgage, or lien upon real estate, etc., which action shall be in accordance with the provisions of this chapter.* And in that action the Court was empowered by its decree or judgment to direct a sale and application of the proceeds to the payment of the amount due, and if there should be any deficiency, the judgment should then be docketed for the balance against the *defendant or defendants personally* liable for the debt, and an execution, as in other cases.

It would seem that the force and intent of these provisions are perfectly manifest. No argument can make them plainer. The law is positive and admits of no evasion. There shall be but a single proceeding for the recovery of a debt when it is secured by mortgage upon real estate, etc., and that shall be against all parties liable for that debt, and shall administer a perfect remedy as between the parties. There is no necessity for and no right to any other proceeding for the recovery of that debt, or the enforcement of that right, and thus the door is closed against useless litigation and multiplication of costs.

The plaintiff seemed to understand the law as we understand it, for he commenced his original proceedings against all parties in conformity with the requirements of the two hundred and forty-sixth section. He voluntarily dismisses his suit, as against these defendants, and proceeds against the others, and obtains his decree and judgment, and by so doing he lost his right to proceed against the defendants as indorsers, and must look to his decree and the mortgaged property for his satisfaction. If the holder of a debt, secured by mortgage, may do this, in defiance of the express provisions of the law, he may sacrifice the mortgage premises, by proceedings without notice to the other parties, to foreclose his mortgage by a separate proceeding, and buy in the property, at some nomi-

nal sum far below its value, and still enforce his claims to the full amount against all others liable to him, or may drive them to expensive litigation, to get the benefit of the securities. This is directly violative of the whole policy of the law. At all events, before he should be permitted to pursue such course, he should at least be compelled to realize the benefit of his foreclosure proceedings, before he should be permitted to maintain a separate suit against the defendants upon their liability upon his note. As this Court said in the case of *McGarvey* v. *Hall*, 23 Cal. 141, the defendants have a clear right to set up the mortgage as a defense, and a right to have the mortgaged premises applied in satisfaction of the debt.

*Delos Lake*, for Respondent.

The obvious intent and object of this statute was to avoid and prevent a multiplicity of actions against the debtor. It was made for the benefit of the mortgagor alone.

In the absence of statutory regulations a mortgage creditor had it in his power to harass his debtor with three actions at one and the same time, *i. e.*, an action at law to recover the debt, an action in equity to foreclose the mortgage, and an action of ejectment.

Ejectment to recover possession under a mortgage was prohibited by section two hundred and sixty of the Practice Act. But until the amendment to section two hundred and forty-six, passed in 1860, the mortgage creditor could maintain separate actions to recover his debt and to foreclose his mortgage.

(The additional amendment of 1861 was to correct a mere verbal inaccuracy.)

By this section the creditor is restricted to one action, as against his debtor, who has secured his debt or obligation by mortgage—the mode of proceeding being minutely pointed out by the statute.

The whole scope of the statute is that a promissor who has secured the performance of his promise by mortgage, shall be

subjected to but one action, which shall include his promise and his security. The term "debt" or "right" in the statute obviously has reference to the obligation which the mortgage is intended to secure.

The maker of the promissory note in question executed the mortgage to secure the performance of *its* promise or obligation, not to secure the performance of the obligation of the indorsers, and as against the mortgagor there can be but one action.

The obligation of an indorser is wholly different from that of the maker. He is not jointly liable with the maker, and but for section fifteen of the Practice Act, could not be joined in the same action. His agreement is, that in case the maker does not perform his promise, he, the indorser, will pay the sum which the maker has promised to pay.

The action against the indorser is not on the maker's promise, but on the indorser's promise.


By the Court, SHAFTER, J.

The defendants are charged by the complaint as indorsers of a promissory note. The following facts are set forth in the agreed statement on motion for new trial:

" On the fifteenth day of December, 1858, the plaintiff loaned to the French Town Canal and Mining Company, the sum of fifteen thousand dollars, for which sum the said company made their promissory note payable to the order of the above named defendants, who indorsed the same for the accommodation of the said makers, the French Town Canal and Mining Company ; and, after such indorsement, said note, so indorsed, was delivered to the plaintiff.

" That at the maturity of said note, the same was duly presented to said makers, for payment, at the office of R. E. Brewster & Co. in the City of San Francisco (being the place named in said promissory note,) and payment thereof demanded and refused, and that the above named defendants were duly notified of such demand and non-payment. That there was

due on said promissory note, and unpaid, the sum of fifteen thousand four hundred and seventy-five dollars and ninety-one cents, after deducting all payments, and that the plaintiff is the owner and holder of said note.

"That simultaneously with the making, indorsing and delivery of said promissory note, the said makers, the French Town Canal and Mining Company, made, executed and delivered to the plaintiff a mortgage, conditioned for the payment of said sum of fifteen thousand dollars and interest, so loaned, as above set forth, to said company, according to the terms of said promissory note, and as security therefor; by which said mortgage said company mortgaged to the plaintiff certain real estate and premises in the County of Butte, known as the French Town Canal and Mining Company Water Ditch.

"That on the 13th day of January, 1862, said plaintiff instituted suit in the District Court of the Fourth Judicial District of the State of California, in and for the City and County of San Francisco, wherein the said French Town Canal and Mining Company, and the defendants in this suit, and others, were defendants, to foreclose said mortgage and sell said mortgaged premises to satisfy said note and for judgment and payment against the said French Town Canal and Mining Company, and the defendants in this suit, for the amount which might be found to be due to the plaintiff for principal and interest upon the said note and mortgage, after applying the proceeds of sale of the mortgaged premises toward the payment of the same, and the costs of the said action.

"That on the first day of September, 1862, said last named Court made an order sending said cause to the County of Butte, in the then Fifteenth Judicial District of this State, for trial in the said County of Butte, on the fourth day of November, 1862; and at the trial of said cause said action was, on motion of counsel for plaintiff, dismissed as to the said defendants herein, and brought on for trial against said French Town Canal and Mining Company and others; and judgment was rendered in said cause that there was due to plaintiff therein,

on said note secured by said mortgage, on the 4th of November, 1862, the sum of ten thousand seven hundred and fifty-five dollars and fifty-four cents, with interest at the rate of two and a half per cent per month; that said mortgaged premises be sold, and in case of deficiency in the proceeds of such sale to satisfy said debt, interest and costs and expenses, on the coming in and confirmation of the Sheriff's report of such sale, that the said French Town Canal and Mining Company should pay to plaintiff such deficiency, with interest aforesaid; and that said judgment remains in full force, unreversed and not appealed from."

It is insisted on behalf of the appellants that this action cannot be maintained against them in view of the two hundred and forty-sixth section of the Practice Act as amended in 1860, and in 1861.    The section is as follows:

" There shall be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage or lien upon real estate or personal property; which action shall be in accordance with the provisions of this chapter.   In such action, the Court shall have power by its decree or judgment, to direct a sale of the encumbered property (or of such part thereof as shall be necessary) and the application of the proceeds of the sale to the payment of the costs and expenses of sale, the costs of suit, and the amount due to the plaintiff.   If it shall appear from the Sheriff's return that there is a deficiency of such proceeds, and a balance still due to the plaintiff, the judgment shall then be docketed for such balance against the defendant or defendants personally liable for the debt, and shall from the time of such docketing be a lien upon the real estate of the judgment debtor, and an execution may thereupon be issued by the Clerk of the Court, in like manner and form as upon other judgments, to collect such balance or deficiency from the property of the judgment debtor."

There are but two views possible, as to the meaning of this section—first, that the inhibition contained in it, is limited to the case where the mortgage given is collateral to the particular right which the action is brought to enforce; or, second,

76

that the inhibition not only extends to cases of that class, but comprehends cases also where the mortgage is not collateral to that right. The question has been argued, to some extent, on considerations of convenience; but the intention is to be sought for primarily in the language of the section quoted, subject to the settled rules of interpretation and construction.

There may be a question, as suggested by respondent's counsel, as to whether the liability of an indorser sounds in "debt," in the common law sense of that term. But it is unnecessary to determine the point, for the word "right" is used in the same connection as the "debt;" and whatever material element there may be, not included within the latter term, would of course be comprehended by the former. If an indorser does not owe a "debt" to his indorsee technically considered, there can be no doubt that the indorsee has, as against the indorser, all the "rights" of a promisee. For all the purposes of discussion, then, the words "for the recovery of any debt" may be eliminated, leaving the section to read as follows: "There shall be but one action for the enforcement of any right secured by mortgage," etc. The right referred to, is obviously, not the right of a mortgagee as such, but a right existing independently of the mortgage, and which the mortgage is given to secure—a right, in short, the correlative of which is a liability *in personam;* and it results, that the provision may be paraphrased as follows: "There shall be but one action for the enforcement of a personal liability secured by mortgage," etc. The words "secured by mortgage" are descriptive of the right or personal liability, contemplated by the section, and any personal liability not so secured is manifestly without its purview. This action is brought for the enforcement of a personal liability, and if that liability is not secured by mortgage, then the action can be maintained.

On what may be called the question of fact involved in this proposition, it would seem that opinions could not be divided. The mortgage given in this case, was executed by the makers of the note, and the only personal liability secured by it, or

intended to be secured by it, was that of the makers of the note—as such; or to use the language of the section, the only "right," secured by the mortgage, was the right of the plaintiff, as indorsee of the note, to call upon the makers to fulfil their personal promise. The promise of a maker of a note is one thing, and the promise of an indorser is another. One is primary and the other is secondary; one is absolute, the other turns upon conditions; each may be secured by a separate mortgage, or one mortgage may be so framed as to secure them both. But a mortgage which by its terms is made applicable to the promise of the maker only, can in no just sense be regarded as collateral either to the personal liability or to the "right" of which the contract of indorsement is the source. On the ground, then, that the right which this action is brought to enforce is unsecured by mortgage, we consider that the plaintiff is at liberty to pursue the defendants *in personam* on their contract of indorsement.

The order granting a new trial is affirmed.