[L. A. No. 121.   Department Two.—April 7, 1897.]

COUNTY BANK OF SAN LUIS OBISPO COUNTY, Respondent, *v.* MEYER GREENBERG et al., Appellants.

Promissory Note—Overdraft—Pleading.—In an action on a promissory note for a sum certain, but which recites that it was given to secure an overdraft of the maker, the complaint must allege the fact of the existence of an overdraft at the time the action is brought.

Id.—Construction of Overdraft Note.—A note for a sum certain with interest made payable by its terms at a specified time after date, and which recites that it was given to secure an overdraft of the makers, will be construed as intended to secure whatever overdraft might exist at the date of its maturity, not exceeding the amount specified in the obligation, with interest thereon.

Appeal from a judgment of the Superior Court of San Luis Obispo County.   V. A. Gregg, Judge.

The facts are stated in the opinion.

*Graves & Graves,* and *Louis Lamy,* for Appellant.

*Wilcoxon & Bouldin,* and *J. M. Wilcoxon,* for Respondent.

Haynes, C.—This action is upon a promissory note made by Meyer Greenberg, L. J. Greenberg, and B. Schwartz, dated March 5, 1894, at one year, to order of the plaintiff, for the sum of five thousand dollars, with interest at ten per cent until paid, and at the end thereof, above the signature of the makers it was added: "This note is given to secure overdraft of Greenberg Bros." The complaint is in the usual form, sets out a

copy of the note, and alleges that no part of it has been paid.

A general demurrer to the complaint was overruled, the defendants answered, and upon trial before a jury the plaintiff had verdict, and judgment was entered thereon against the defendant Schwartz, the other defendants having been discharged in insolvency pending the suit.

This appeal is from the judgment upon the judgment-roll and a bill of exceptions.

The demurrer to the complaint should have been sustained. The instrument sued upon is not an absolute and unconditional promise to pay a certain sum of money at the time specified, but is a collateral agreement to pay the overdraft of Greenberg Brothers, on March 5, 1895, not exceeding the sum of five thousand dollars, and accrued interest. The action is properly brought upon the instrument; but as the liability of the defendants depended upon a fact not appearing upon its face, namely the existence of an overdraft at the time the action is brought, such fact must be alleged.

In *Tooker* v. *Arnoux*, 76 N. Y. 397, the action was upon the following order drawn upon the defendant in favor of the plaintiff:

"Please pay William T. Tooker the sum of $556 out of the money to be realized from the sale of the houses on the north side of 46th street, city of New York, and known as Nos. 305, 307, and 309 East 46th street.

James Watson."

This order was accepted by defendant, and before suit one hundred dollars was paid thereon. There was no allegation that the houses, or any of them, had been sold. Defendant's counsel, at the beginning of the trial, moved to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The motion was denied. Plaintiff offered evidence of the sale of the houses, to which defendant objected on the ground that it was not averred in the complaint. Verdict for plaintiff. Upon appeal the

court said: "We think the complaint was clearly bad. The sale of the houses mentioned in the order, and the receipt of money from such sale, were conditions precedent to the defendant's liability on his acceptance, and those facts should have been averred. In the absence of such averments no indebtedness appeared."

So in the case before us there was no indebtedness upon the note unless there was an indebtedness of Greenberg Brothers upon their account with the bank, and no such indebtedness was averred. A judgment by default would not have been supported by the undenied averments of the complaint. It was not even averred that anything was "due" upon the instrument set out in the complaint, the averment being "that no part of the principal sum, or the interest thereon, has ever been paid," an averment which might be strictly true, though the overdraft had been fully paid.

The conclusion we have reached necessitates a reversal of the judgment, but, as the plaintiff may desire to amend its complaint, one question made by defendant will doubtless arise on a new trial, and should be briefly noticed.

Defendant contends that at the time the instrument in question was executed the overdraft of Greenberg Brothers amounted to three thousand seven hundred dollars; that afterward, and before this action was brought, they deposited in the bank at various times sums amounting to over thirty-seven thousand dollars, and that said subsequent deposits should have been applied, so far as necessary, to the payment of said overdraft.

The intention of the parties, to be ascertained from the terms of the instrument read in the light of the surrounding circumstances, must determine that question. No specific overdraft as to amount is mentioned. The amount then due was much less than five thousand dollars, the amount named in the obligation. If it had been intended that the definite amount then due should only be secured, that sum would doubtless have been

named; or, if it had been intended that the first deposits made by the Greenberg Brothers should apply to the satisfaction of the overdraft then existing, there could have been no good reason why the larger sum should bear interest. We think the evident intention was that the overdraft might be increased, and that the obligation in question was intended to secure whatever overdraft might exist on March 5, 1895, not exceeding the amount of the obligation and accrued interest thereon; in other words, that it was intended to strengthen and enlarge the credit of Greenberg Brothers, and contemplated continued transactions between them and the bank.

The judgment appealed from should be reversed, with directions to the court below to sustain the demurrer to the complaint, with leave to the plaintiff to amend.

SEARLS, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is reversed, with directions to the court below to sustain the demurrer to the complaint, with leave to the plaintiff to amend.

HENSHAW, J., MCFARLAND, J., TEMPLE, J.

Hearing in Bank denied.