[L. A. No. 600. Department Two.—November 22, 1899.]

COUNTY BANK of SAN LUIS OBISPO, Respondent, v. MEYER GREENBERG et al., Defendants. B. SCHWARTZ, Appellant.

ACTION UPON NOTE— SECURITY FOR OVERDRAFT — PLEADING—NONPAYMENT OF OVERDRAFT AND NOTE.—In an action by a bank upon a promissory note given by the defendants to secure the bank against an overdraft by a partnership firm, a complaint alleging that between the making and delivery of the note, and the time of its maturity, the overdraft by the firm greatly exceeded the amount of the note, and that no part of the overdraft, or of the principal sum or interest of the note has been paid, states a cause of action and shows a liability of the defendants to the plaintiff for the full face value of the note.

ID.—INTEREST UPON OVERDRAFT—AMOUNT OF NOTE—VERDICT.—Where the amount of the overdraft, with interest thereon at the legal rate, after crediting all payments, exceeded the full amount ·of the note bearing interest at ten per cent per annum, payable quarterly, and compounded at the same rate, to the date of the verdict, the verdict should be for the full amount of the note, but for no sum in excess thereof.

ID.—REFUSAL OF INSTRUCTION AS TO RATE OF INTEREST—HARMLESS RULING.—The refusal of an instruction requested by the appellant as to the rate of interest to be charged in the absence of a special

agreement cannot be held injurious to the appellant if the record contains no specification of the insufficiency of the evidence to sustain the verdict in the allowance of legal interest on the overdraft, and if there is no question on the evidence that the amount of the overdraft and legal interest equaled the amount of the note, and appellant at the trial recognized that legal interest should be allowed on the overdraft, in computing the amount of the verdict on the note.

Id.—Pleading—Admission of Execution of Note.—Where a copy of the note sued upon is set out in the complaint, and the answer is not verified, the genuineness and due execution of the note are deemed admitted.

Id.—Amount of Overdraft—Continued Transactions—Varying Amount—Concrete Obligation—Misleading Instructions.—The note to secure the amount of the overdraft contemplated continuing transactions with the bank, and a varying amount of overdraft from time to time; but it secured whatever overdraft existed at the maturity of the note, not exceeding the amount of the note and accrued interest. The overdraft thus secured was treated by the parties, and should be treated at the trial. as one concrete obligation; and offered instructions based upon the theory of several obligations for the overdrafts were properly refused as misleading.

Id.—Question for Jury—Computation of Amount of Overdraft.— The final amount of the overdraft was the question for the jury to determine, and was to be determined by subtracting all that had been paid into the bank from all that had been drawn out, giving credits on account of interest as the law or the agreement between the parties might indicate.

Id.—Mortgage of Firm to Secure Overdraft—Foreclosure—Separate Note as Collateral—Res Adjudicata—Construction of Code.—A mortgage executed to the bank by a member of the firm to secure the amount of the overdraft made by the firm is a distinct obligation from a separate promissory note executed by the members of the firm and the appellant as collateral security for the same overdraft, and does not secure the payment of such note. The foreclosure of the mortgage does not operate as an adjudication to bar a suit on the note, and section 726 of the Code of Civil Procedure is inapplicable to the case.

APPEAL from a judgment of the Superior Court of San Luis Obispo County and from an order denying a new trial. E. P. Unangst, Judge.

The facts are stated in the opinion in this case and in that rendered upon the former appeal, in 116 Cal. 467.

Graves & Graves, for Appellant.

Wilcoxon & Bouldin, and J. M. Wilcoxon, for Respondent.

GRAY, C.—The defendant Schwartz appeals from a judgment in plaintiff's favor and from an order denying a new trial. The case was here on a former appeal (*County Bank of San Luis Obispo v. Greenberg*, 116 Cal. 467), wherein will be found a statement of the facts.

1. On the return of the case to the trial court the complaint was amended so as to make it show that Greenberg Brothers, between the making and delivery of the note on which the suit is based and the time it was due, March 5, 1895, had overdrawn their account with plaintiff to an amount considerable in excess of the note; that said note was given to secure said overdraft, and that no part of said overdraft had been paid. This amendment cured the defect in the complaint for which the judgment was reversed on the former appeal. The complaint as thus amended showed the existence of the overdraft at the time the action was brought, that no part of either the note or overdraft had been paid, and clearly showed a liability of Schwartz to plaintiff for the full face value of the note. There is, therefore, no merit in the argument that the demurrer to the amended complaint should have been sustained.

2. The overdraft, with interest at the legal rate, after giving proper credit for the several payments thereon, exceeds the amount due on the note on the date of the rendition of the verdict, November 19, 1897. The note was dated March 5, 1894, and was given for five thousand dollars, with interest at ten per cent per annum, payable quarterly, and, if not so paid, to be added to the principal and bear like interest. According to its terms there was due on the note on November 19, 1897, seven thousand two hundred and ten dollars and seven cents, and the verdict should have been limited to this amount. The judgment is, therefore, one hundred and forty-eight dollars and fifty-five cents in excess of the amount to which the plaintiff was entitled at the date of its entry.

3. The refusal of the court to give instruction No. 8, setting forth the rate of interest to be charged in the absence of a special agreement, could not injure appellant in any way, for the reason that plaintiff's action was based on a written obligation and he was entitled to recover the face value of the note,

if the overdraft with interest thereon reached that amount; and there is no question on the evidence that it did reach that amount, even if we allow interest on the overdraft at no more than the legal rate.   There is no specification in the record that the verdict is contrary to evidence for having allowed interest at the legal rate on the overdraft.   Indeed, appellant seems to have proceeded at the trial on the theory that such interest was to be allowed; his eighth instruction and second specification of particulars indicate this and render it unnecessary to decide the point made in the concluding paragraph of appellant's brief.

4. The instruction that the answer of the defendants admits the due execution by all of them of the note sued on was not error.   A copy of the note was set out in the amended complaint, and the answer was not verified.   The genuineness and due execution of the instrument are therefore deemed admitted. (Code Civ. Proc., sec. 447.)

5. Instructions 6 and 7 offered by appellant and refused by the court are inapplicable to the undisputed facts of the case. There were no "several obligations" from Greenberg Brothers to plaintiff, as is assumed in these instructions.   Greenberg Brothers had but one obligation at the plaintiff's bank, and that was the overdraft that the note sued on was given to secure. All that was paid into the bank by the firm was paid on that overdraft and all that was drawn out was added to it.   The amount of the overdraft varied from time to time, no doubt, but the parties treated it as one concrete obligation, and so it should be treated on the trial of the case.   It was held on the former appeal that the note was given "to secure whatever overdraft might exist on March 5, 1895, not exceeding the amount of the obligation and accrued interest thereon, . . . . and contemplated continued transactions between them and the bank."   The amount of the overdraft was the question for the jury to determine, and that was to be fixed by subtracting all that had been paid into the bank from all that had been drawn out, giving such credits on account of interest as the law or the agreement between the parties might require.   These instructions, therefore, based on the theory of several obligations between the parties, could only confuse and mislead and were properly refused.

6. The mortgage that was foreclosed at the suit of plaintiff herein against Meyer Greenberg was not given to secure the obligation upon which the present action is based. To quote from appellant's brief: "The makers of the note are sureties or guarantors for the payment of the overdraft," and the mortgage, by its terms, was limited to a security for the performance of the original obligation of the Greenbergs to pay this overdraft, and in no sense was it a security for the performance of the collateral personal obligation of appellant on the note given to secure the same overdraft. Hence, we say that the previous suit on the mortgage given to secure the overdraft was no bar to this suit on the note given as collateral security for the same overdraft. Section 726 of the Code of Civil Procedure, providing that "there can be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage," is inapplicable to the case in hand, and, therefore, instructions 4 and 5 were properly refused. These views find support in the following well-considered cases: *Vandewater v. McRae,* 27 Cal. 596; *Merced Bank v. Casaccia,* 103 Cal. 641; *Carver v. Steele,* 116 Cal. 116.

We advise that the judgment and order be reversed and the cause remanded, with directions to the court below to proceed to try the case anew, unless, within twenty days after the filing of the *remittitur* in the court below, the plaintiff shall file with the clerk of that court a written consent that the judgment be modified by striking out the amount therein awarded and inserting in lieu thereof the sum of seven thousand two hundred and ten dollars and seven cents, and on such consent being filed it is ordered that the judgment be modified accordingly as of the date of the original judgment.

Chipman, C., and Cooper C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed and the cause remanded, with directions to the court below to proceed to try the case anew, unless within twenty days after the filing of the *remittitur* in the court below the plaintiff shall file with the clerk of that court a written consent that the judgment be modified by striking out the damages therein awarded and inserting in lieu there-

of the sum of seven thousand two hundred and ten dollars and seven cents, and on such consent being filed it is ordered that the judgment be modified accordingly as of the date of the original judgment.

McFarland, J., Temple, J., Henshaw, J.