MÉNDEZ *v.* SOTO NUSSA, DISTRICT JUDGE.

APPLICATION for a Writ of *Certiorari.*

No. 35.—Decided December 21, 1907.

ALLEGATIONS — EVIDENCE — DOCUMENTS ACCOMPANYING COMPLAINT — GENERAL DENIAL.—The authenticity and the fact of the execution of a document attached to a complaint, or literally copied therein, must be admitted where not specifically denied in the answer under oath; a general denial, although sworn to, is not sufficient to put the plaintiff on proof of these facts at the trial, although the complaint be not sworn to.

CERTIORARI—CASES IN WHICH IT WILL ISSUE—ORDINARY REMEDY.—The writ of *certiorari* will issue in those cases in which, while there is an ordinary remedy, it is inadequate to repair the damage caused and in which a dismissal might cause a failure of justice. The issuance thereof is not a matter of right, but of the discretion of the court before which the application is made.

ADMISSION OR EXECUTION OF EVIDENCE.—The writ of *certiorari* will not issue to review orders admitting or excluding evidence.

ID.—JURISDICTION.—When there is no other plain, speedy and adequate remedy the writ of *certiorari* will issue where a court has exceeded its jurisdiction in rendering the judgment or decision assailed, or to prevent a flagrant miscarriage of justice by reasons of errors of procedure.

The facts are stated in the opinion.

*Mr. José Ramón Freyre* for petitioner.

MR. JUSTICE MacLEARY delivered the opinion of the court.

In the Municipal Court of Mayagüez Agustín Hernández Mena brought suit against Leandro Méndez on two promis-

sory notes for $90 each, setting them out copied in his complaint in full, together with the indorsement made on the back thereof, transferring the same from the payee, José Méndez, to the plaintiff Agustín Méndez Mena. The complaint is dated the 17th of May, 1907. On the 11th of June of the same year defendant Leandro Méndez answered the said complaint, denying all the facts set out therein, and alleging as new matter that the ownership of the promissory notes which were claimed by the plaintiff was only and exclusively in the firm of Hernández & Co., and offered to prove the same at the proper time. This answer was sworn to, and the complaint was not.

Judgment having been given against the defendant, an appeal was taken to the District Court of Mayagüez, presided over by Hon. Isidoro Soto Nussa. On the 19th of July the district court rendered judgment in favor of the plaintiff Hernández and against the defendant Méndez for $180, interest and costs. No appeal could be taken from this judgment to the Supreme Court, the amount involved being less than $300, and thereupon the defendant Leandro Méndez, being dissatisfied with the judgment rendered against him, on the 12th of November, 1907, presented to this court a petition for *certiorori*. This petition was considered on the 13th of the same month, and the writ was issued and the case set down for trial on the 21st. On that day it came on for hearing.

The petitioner sets out as the basis of his petition for *certiorari*, the following:

"On the hearing, when the plaintiff presented the two notes which are the cause of the action, the defendant objected to their admission as evidence, alleging that the plaintiff must prove the authenticity of the documents produced by the plaintiff as evidence, before they could be admitted, and alleging that the defendant had denied the authenticity and execution of the documents presented, in his answer, dated the 11th of June, 1907, and citing in support of said objection the provisions of section 119 of the Code of Civil Procedure. Besides having denied all of the facts set out in the complaint, and having made such denial under oath in answering the complaint, at the hearing the

objection was reiterated to the admission of those documents as evidence, until their authenticity and the fact of their execution should be proven.

"The court admitted the notes in evidence, and the defendant asked that his exception be reserved, the court alleging that its object in admitting the notes was that although it was true that the defendant had denied in his answer the allegations of the complaint, such denial had not been made specifically.

"Under date of the 29th of October last past, a judgment was rendered in favor of the plaintiff, notwithstanding the fact that on the trial the authenticity and execution of the notes were not proved, and the defendant was adjudged to pay the sum of $180, with legal interest from the date on which the complaint was filed, and the costs."

We may say, before entering upon the discussion of the case, that the District Court of Mayagüez properly admitted the promissory notes sued on. The defendant, Leandro Méndez, mistakes the force of his pleading. A general denial, although sworn to, does not require the proof of the execution of a promissory note, when it is set out in the very words thereof in the complaint; for in order to put the plaintiff on proof of the execution of written instruments of that character, it is necessary to deny specifically the execution of the same. It nowhere appears that such a denial was made under oath by the defendant. He merely swears to the general denial which he interposed to the complaint. Section 119 of the Code of Civil Procedure governs in the case at bar. That section reads as follows:

"When action is brought upon a written instrument, and the complaint contains a copy of such instrument, or a copy is annexed thereto, the genuineness and the execution of such instruments are deemed admitted, unless the answer denying the same be verified."

This denial must be specfic and not left to be inferred from the terms of a general denial.

This section of our Code of Civil Procedure is a copy of section 447 of the Civil Code of California, and though the exact point here presented does not seem ever to have been

raised in that State, there are several decisions to the effect that the failure to swear to the answer denying the execution of a note set out literally in the complaint is a virtual admission of its due execution. (*Corcoran* v. *Doll,* 32 Cal., 88; *Bennett* v. *Stearns,* 33 Cal., 473 and 474; *County Bank* v. *Greenberg,* 127 Cal., 29.)

The section of our Code of Civil Procedure above referred to is also identical with section 3220 of the Code of Civil Procedure of Idaho where no decisions have been found bearing on the case, but in which State the California decisions are noted. It is the same in South Dakota. (*Wyckoff* v. *Johnson,* 2 S. Dak., 91.)

But will the writ of *certiorari* lie in a case like that at bar? We think not in view of the general scope of the authorities which we have examined.

The general principles of law governing writs of *certiorari* have been the subject of much judicial discussion and the various opinions enunciated are not entirely harmonious. It has often been announced that the writ of *certiorari* cannot issue where the remedy by appeal or writ of error is provided by law. (*Arpin Ex parte,* 2 Dec. P. R., p. 360, and other cases decided by this court.) And this may be regarded as the general rule subject, however, to so many exceptions, that the same cannot be considered as strictly accurate and universal. It is well settled that the writ of *certiorari* will issue in cases where the ordinary methods by appeal or writ of error prove to be inadequate, as a remedy, either as relates to promptness or completeness, so that a partial or total failure of justice may ensue. (Harries on *Certiorari,* sec. 54.) Such remedies are specially liable to prove inadequate or tardy when the wrong done or threatened involves an excess or absence of jurisdiction. (Spelling Extraordinary Remedies, secs. 1918 and 1963.) In fact many authorities go to the point of holding that it is where other remedies are inadequate, and not necessarily absent when coupled with the danger that there

may be a failure of justice, then resort may be had to cer-
tiorari. (Hamilton v. Guinotte, 50 L. R. A., 794, and cases
cited in that opinion and the extensive note found on pp. 787
to 801.)   Since it is well to have some established rule govern-
ing cases of certiorari it is believed that we cannot do better
than to adopt this, as announced by the Supreme Court of
Missouri, in the learned opinion of Mr. Justice Sherwood,
delivered in June, 1900, above cited.

But while adopting a general rule, we must not lose sight
of the principle also very well established, that certiorari is
not a writ of right, but may always be refused in the discre-
tion of the court receiving the application.

But we are further of the opinion, as heretofore stated,
that the writ of certiorari does not lie in cases like the present.
It was never intended to reach the admission or exclusion of
evidence.   Finally, the writ of certiorari will always be
granted and the judgment of the court below reviewed, when
that court has exceeded its jurisdiction, in rendering the judg-
ment or decision of the court, and there is no other plain,
speedy and adequate remedy, or to prevent that flagrant mis-
carriage of justice, by reason of errors of procedure. (Tucker
v. San Francisco, 120 Cal., 512; Fout v. Mason, 47 Cal., 7;
Bennett v. Wallace, 43 Cal., 25; Miliken v. Huber, 21 Cal.,
168.)

Reference may also be made to the following decisions of
our own court, in which the principles governing the issuance
of the writ of certiorari are more or less discussed, to wit:
Battistini v. Corte de Distrito, 2 Dec. de P. R., 310; Ex parte
Arpin, 2 Dec. de P. R., 360;  Delgado v. Cabassa, 2 Dec. de
P. R., 643; Mercado v. Corte de Distrito, 2 Dec. de P. R., 543;
Ex parte Rosello, 2 Dec. de P. R., 622; Giménez v. Corte de
Distrito, 2 Dec. de P. R., 635; Arribas v. Mirandes y Otros,
2 Dec. de P. R., 686; Mesa v. Corte Municipal San Juan, No. 4,
En. 25, 1906; Barreras y Otros v. Quiñones, No. 12, Feb. 17,
1906; Bonnet v. Foote, No. 18, Oct. 8, 1907; Suau v. Soto

*Nussa,* No. 32, Oct. 22, 1907; *Forteza* v: *Marshal de la Corte Municipal,* No. 22, December 7, 1906; *Subrian v. Padilla,* No. 20, Feb. 15, 1907; *Sucesión Díaz* v. *del Toro,* No. 17, Feb. 21, 1907; *Lippit* v. *Aldrey,* No. 24, March 13, 1907; *Porto Rico L. T. Co. v. Aldrey,* No. 34, Nov. 24, 1907.

The record in this case fails to show that the applicant for this writ has ever specifically denied under oath or otherwise the execution of the notes sued on or his liability to pay the same, or shown that he has suffered any injustice from the judgment rendered against him.

Such being our view of the case, the writ of ·*certiorari* heretofore issued should be vacated at the costs of the applicant, and a proper judgment entered herein to that effect.

*Annulled.*

Chief Justice Quiñones and Justices Hernández, Figueras and Wolf concurred.