## CHIQUES *v*. POLO.

### APPEAL from the District Court of Humacao.

No. 389.—Decided May 17, 1909.

INSTRUMENTS COPIED IN THE COMPLAINT—GENUINENESS—EXECUTION.—If tne genuineness of an instrument, a copy of which is contained in the complaint, or has been annexed thereto, should not have been denied by the party against whom the same is produced, the courts are bound to consider the same as genuine, and that its execution is admitted under the provisions of section 119 of the Code of Civil Procedure.

ID.—PROMISSORY NOTES—PROOF OF EXECUTION.—Where the plaintiff, in a suit on promissory notes, had copied them in the complaint, even when the pleading was not verified by affidavit, it was not required to prove, on the trial, the execution of the notes, unless the answer specifically denied the execution thereof under oath.

The facts are stated in the opinion.

*Mr. Vías Ochoteco* for appellant.

*Mr. Juan Guzmán Benítez* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This was a suit based on a private contract and brought to compel the defendant to deliver a written lease, by a public document; upon certain property described in the complaint. The original complaint failed to set out sufficiently the private document on which the suit was based and for that reason the defendant demurred thereto.

It does not appear from the record that any action was had upon the demurrer, but both parties in their briefs treated it

as if it had been sustained; at any rate, plaintiff filed an amended complaint in which he set out in full the contract of lease, which had been executed as a private document between the parties to the suit. To this amended complaint the defendant presented another demurrer founded upon paragraph six of section 105 of the Code of Civil Procedure, alleging that the complaint did not set forth facts sufficient to constitute a cause of action. This demurrer came on to be heard, and the defendant not appearing to urge the same, it was, on motion of the plaintiff, overruled, and five days were granted to the defendant in which to file an answer. Within the time prescribed the defendant filed an answer in which she admitted that the plaintiff was in possession, as a lessee, of a farm which was the property of the defendant, but alleging that she did not exactly remember the conditions agreed upon nor that she had signed the private contract which was set forth in the first paragraph of the complaint, and on this account she left the same to be proved by the plaintiff. She, moreover, admitted the situation of the property, treated of in the lease, to be in the municipal district of Caguas and in the judicial district of Humacao. Both parties recognized the jurisdiction of the district court. She further admitted, for the purpose of jurisdiction, that the amount in controversy exceeded five hundred dollars ($500). She, further answering, denied that she had been previously required to deliver the writing, for the execution of which suit was brought, and which was referred to in the complaint, and alleged affirmatively that the plaintiff had not paid, at the end of every month, the amount of thirty dollars ($30) rent, stipulated in the lease, during the time which he alleged himself to have been in possession of the farm by virtue of a lease running for 10 years. Defendant further denied that the plaintiff had satisfied, at any time while he had been in possession of the lease, the excess of taxes stipulated in said instruments, to be paid by the lessee.

The court rendered judgment as follows:

"*Judgment.*—To-day, the 23d of February, 1909, the day set for the hearing of this suit, it came on to be heard, there appearing counsel, J. F. Vías, for the plaintiff and Juan Guzmán Benítez for the defendant.

"Counsel Vías requests the court to postpone the hearing for another day, two important witnesses for the defense of his client having failed to appear. Counsel Guzmán Benítez objects to the postponement of the hearing and the court having heard the motion for the postponement and the arguments of both counsel, denies the same.

"Counsel for the plaintiff informs the court that he has no evidence whatever to offer and submits the case to the consideration of the court. Counsel for the defense likewise submits the case to the consideration of the court. The court arrives at the opinion that the law and the facts are in favor of the defendant and therefore orders that the plaintiff should not recover anything from the defendant, and that the latter be acquitted of all claims in regard to the complaint in the present case with costs amounting to —— against the plaintiff, and that sufficient property of the plaintiff be attached to satisfy the judgment."

From this judgment the plaintiff, through his counsel, took an appeal to this court in due time and proper manner. Both parties filed briefs and, on the hearing in this court, the appellant made an oral argument, but the respondent rested on her briefs alone.

The appellant contends that the court has incurred a serious error in holding that the complaint was not established by the evidence, because, as he maintains, the denial made by the defendant in her answer was not an unequivocal one, but only alleged that she had no remembrance of the existence of the fact of having signed the said lease or the terms thereof. The appellant further alleges that, in making this decision against him, the trial court did not take into account, and has violated the legal precept contained in section 119 of the existing Code of Civil Procedure, in holding the unsworn answer, ambiguous in itself, sufficient to require plaintiff to prove the execution of the written instrument on which the suit is based.

Section 119 of the Code of Civil Procedure reads as follows:

"When action is brought upon a written instrument, and the complaint contains a copy of such instrument, or a copy is annexed thereto, the genuineness and the execution of such instruments are deemed admitted, unless the answer denying the same be verefied."

The respondent contends that this section, being contained in a chapter of the Code of Civil Procedure which treats of the verification of pleadings, has no reference nor application to this case in which the pleadings, neither the complaint nor the answer, were verified. We cannot concede this to be correct. Comparing Chapter VI of Title VII of the Code of Civil Procedure with the corresponding chapter in the Civil Code of California we find the whole chapter substantially copied from Chapter VI, Title VI of Part II of the Code of Civil Procedure of California; and that section 119 of our Code is a verbatim copy of section 447 of the California Code, except a slight typographical error. Even the heading of the chapter "Verification of Pleading" is identical. We can then turn with confidence to the construction put on the corresponding section by the Supreme Court of California.

It is held in the California cases, that if the complaint, whether it is verified or not, contains a copy of the instrument upon which the action is brought, and an answer, denying the execution of it, is not verified, the due execution of the written instrument is considered to be admitted by defendant. (See *Sacramento County* v. *Bird,* 31 Cal., 73; and *Corcoran* v. *Doll,* 32 Cal., 88.) In such cases there can be no issue of fact upon the tenor or effect of the instrument, and a finding upon these matters, whether it agrees or disagrees with the terms of it, is wholly nugatory. (See *Burnett* v. *Stearns,* 33 Cal., 473.) And it is further held that in an action on a promissory note, where a copy of the note is set out in the complaint, and the answer thereto is not verified, the genuineness and due execution of the instrument are admitted by the defendant. (See *County Bank* v. *Greenberg,* 127 Cal., 26.) But our own.

Supreme Court has, in substance, said that if the genuineness of an instrument, a copy of which is contained in the complaint or has been thereto annexed, should not have been denied by the party against whom the same is produced, the courts are bound to consider the same as genuine, and that its execution is admitted under the provisions of section 119 of the Code of Civil Procedure. (See *Rodríguez* v. *Jiménez,* 3 Dec. P. R., 285; *Expósito* v. *Robert,* 3 Dec. P. R., 287.)

This court more than 15 months ago, construed section 119 of the Code of Civil Procedure, and held that where the plaintiff, in a suit on promissory notes, had copied them in the complaint, even when the pleading was not verified by affidavit, it was not required to prove, on the trial, the execution of the notes, unless the answer specifically denied the execution thereof under oath. This section of our Code is compared in the opinion with the corresponding section of the California Code and the Idaho Code, and cases are cited from the Supreme Courts of California and South Dakota sustaining the interpretation put upon the statute. (See the *certiorari* case of *Méndez* v. *Soto Nussa,* decided on the 21st of December, 1907.) The authority of that case settles the one at bar, in favor of the proposition maintained by the appellant, as the cases, on the important points, are very similar.

For the reasons stated, the judgment of the District Court of Humacao, rendered herein on the 23d of February, 1909, should be reversed and the case remanded for a new trial in accordance with the principles of law set forth herein.

*Reversed.*

Justices Wolf and del Toro concurred.

Mr. ·Chief Justice Hernández and Mr. Justice Figueras took no part in the decision of this case.