GANDÍA & Co., PLAINTIFFS AND RESPONDENTS, *v.* ALONSO, DEFENDANT AND APPELLANT.

## APPEAL from the District Court of Arecibo in an Action of Debt.

No. 1196.—Decided May 5, 1915.

PLEADING — INSTRUMENT MADE A PART OF COMPLAINT — COMPLAINT AND ANSWER.—The genuineness and execution of an instrument transcribed in a complaint or annexed thereto shall be deemed admitted unless a verified answer specifically denies the same.

ID.—ACCOUNT CURRENT.—In view of the peculiar nature of an account current it cannot be regarded as one of the instruments which the Legislature had in mind when it established the rule contained in section 119 of the Code of Civil Procedure.

ID.—INSTRUMENT ON WHICH ACTION OR DEFENSE IS FOUNDED—VERIFICATION OF PLEA.—It is a common provision of the statutes that no person shall be permitted to deny on trial the execution of any instrument in writing, whether sealed or not, which is the foundation of the action or defense, unless the person so denying the same verify his plea.

ID.—SCOPE OF RULE AS TO DENIALS UNDER OATH.—The rule as stated with reference to the necessity of denials under oath applies to articles of association, promissory notes, the cancellation of a revenue stamp necessary to the validity of an instrument, an order to pay money, bonds, bills of lading, guaranties, deeds, leases, mortgages, subscription papers, insurance policies, receipts, releases and contracts of settlement, tax-sale certificates and tax deeds, and assignments and endorsements. It does not apply to a decree of a court, nor to an account for merchandise, nor to an unprobated will, nor to entries on the stock-books of a corporation.

The facts are stated in the opinion.

*Mr. Pedro Amado Rivera* for the appellant.

*Mr. Antonio Suliveres* for the respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from a judgment of the District Court of Arecibo against defendant Francisco Alonso and in favor of plaintiffs Gandía & Co. for the sum of $728.53, with legal interest thereon from the date of the filing of the complaint and the costs.

In brief, the plaintiffs alleged that they had entered into a contract with the defendant to lease to him a bakery situated in the ward of Dominguito, of the district of Arecibo, for a period of two years at a monthly rental of $75, the defendant agreeing to deliver to the plaintiffs under certain conditions the bread to be made by him; that the defendant entered into possession of the bakery in November of 1910 and sent several lots of bread to the plaintiffs in accordance with the contract, both parties keeping accounts current; that upon striking a balance on November 2, 1912, which was the date of the termination of the contract, the plaintiffs found that the defendant owed them $728.53, and that when they demanded payment thereof from the defendant the latter refused to pay it, compelling the plaintiffs to bring this action. The account current which the plaintiffs kept with the defendant was transcribed in the complaint.

In his answer the defendant admitted that he entered into the contract and kept an account current with the plaintiffs, but alleged that he owed them nothing for the reason that on November 12, 1911, a sanitary inspector ordered him to close the rented bakery pending certain repairs which were ordered but never made. The answer is not verified.

The defendant also filed a counter-complaint alleging substantially that on account of the closing of the bakery and the failure of the plaintiffs to comply with their obligation to make the repairs ordered by the sanitary authorities, he was obliged to cease work in the bakery from the date of its

closing, or from November 12, 1911, suffering damages thereby which he lays at $1,000.

Issue being joined thus, the case went to trial and both parties introduced and examined their witnesses and submitted the case to the court for judgment, which was rendered in the terms indicated at the outset—that is, sustaining the complaint and dismissing the counter-complaint. From that judgment the present appeal was taken.

The judge of the district court carefully analyzed the case and held, in the first place, that as it was alleged in the complaint that there was an account current between the plaintiffs and the defendant which showed a balance against the latter and as the said account was made a part of the complaint and had not been denied by the defendant under oath, its genuineness and execution should be deemed admitted in accordance with law and jurisprudence.

It is true that section 119 of the Code of Civil Procedure is conclusive and that jurisprudence is clear on this point. See the cases of *Sacramento County* v. *Bird,* 31 Cal., 73; *Corcoran* v. *Doll,* 32 Cal., 88, and *County Bank* v. *Greenberg,* 127 Cal., 26. In the cases of *Mendez* v. *Soto,* 13 P. R. R., 366; *Chiqués* v. *Polo,* 15 P. R. R., 257, and others, this court upheld the doctrine that the genuineness and execution of an instrument which has been copied in the complaint, or annexed thereto, shall be deemed admitted unless the answer specifically denies the genuineness and execution thereof under oath.

But can the said statute and the jurisprudence cited be applied to this case? In our opinion this question must be answered in the negative because, in the first place, in view of the peculiar nature of an account current, it cannot be regarded as one of the instruments which the Legislature had in mind when it enacted the provision contained in section 119 of the Code of Civil Procedure; and, in the second place, even if it could be so regarded, the conclusion is easily reached after a consideration of the material allegations of

both parties that the contract of lease between the plaintiffs and the defendant, and not the account current, is the instrument on which the action was brought.

American jurisprudence upon this matter, as summarized by Cyc., is as follows:

"It is a common provision of the statutes that no person shall be permitted to deny on trial the execution of any instrument in writing, whether sealed or not, which is the foundation of the action or defense, unless the person so denying the same shall verify his plea by affidavit." 31 Cyc., 529.

"The rule as stated with reference to the necessity of denials under oath applies to articles of association, promissory notes, the cancellation of a revenue stamp necessary to the validity of an instrument, an order to pay money, bonds, bills of lading, guaranties, deeds, leases, mortgages, subscription papers, insurance policies, receipts, releases and contracts of settlement, tax-sale certificates and tax deeds, and assignments and indorsements. It does not apply to a decree of a court, nor *to an account for merchandise,* nor to an unprobated will, nor to *entries on the stock books* of a corporation." 31 Cyc., 352 and cases cited.

In the light of the foregoing, we will proceed to consider the case on its merits. There is no question as to the existence of the contract of lease. Accepting the account current as a document introduced as evidence, its balance shows the amount due from the defendant to the plaintiffs for rent. That the said balance is correct was not denied by the defendant either in his pleadings or by means of evidence. The question really at issue in this case is whether the defendant was actually under the necessity of discontinuing the use of the property for the purposes for which he had rented it. The evidence on this point was ample but contradictory. That for the plaintiffs tended to show that although it is true that on November 1, 1911, a sanitary inspector went to the rented bakery and ordered certain repairs to be made, as soon as the plaintiffs were notified they were given time to make the repairs and actually did make them; that the defendant took no steps to rescind the contract, but, on the contrary,

when such rescission was proposed to him by the lessors he refused, stating that it suited him to continue it. The evidence for the defendant tended to show that the sanitary authorities really ordered him to close the bakery; that it was the duty of the lessors to make the repairs and they did not do so; that he asked the sanitary authorities for a permit to reopen the bakery and it was refused, and that he was unable to operate the bakery after November 12, 1911.

The court gave credence to the witnesses for the plaintiffs and, in our opinion, it acted correctly in so doing. It cannot be denied that on November 12, 1911, the defendant was prevented from working by the interference of the sanitary authorities, but it cannot be maintained that the order was to close the bakery and that the defendant was obliged therefore to suspend work absolutely. The evidence shows that the plaintiffs did make repairs to the bakery after November 12, 1911, and before the last day of the said month. Not only two partners of the plaintiff firm but also the very workman who made the repairs so testified. And the evidence further shows that the defendant refused to rescind the contract, stating that it suited him to continue it, and he showed no interest whatever in continuing to bake bread in the bakery rented from the plaintiffs, there being two circumstances which tend to explain this attitude of the defendant, viz: In the contract of lease between the plaintiffs and the defendant it was agreed that the contract should be rescinded if another bakery were established in the same ward, and it appears from the account current which accompanied the complaint and from the defendant's own testimony at the trial that the defendant continued to furnish to the plaintiffs bread made by him in another bakery long after November 12, 1911, the last lot having been furnished on October 31, 1912. From the first fact it is deduced that a condition *sine qua non* to the existence of the contract was that no other bakery should be established, and from the second, that the defendant continued in the bakery business without inter-

mission notwithstanding the closing of the bakery in Dominguito, making bread in another bakery which he had rented at a place near by, and these two facts, when considered in the light of all the surrounding circumstances, show that the chief object of the defendant was to monopolize to a certain extent the bakery business in those wards and that this object could be attained by making the bread at any one of the places, provided that he could keep the other bakeries closed.

These being the facts shown by the evidence, the judgment appealed from should be affirmed inasmuch as the failure of the defendant to continue making bread in the rented bakery was not due to any acts or omissions of the plaintiffs, but to the defendant's own determination.

The appeal should be dismissed and the judgment appealed from

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.