GANDÍA Y COMPAÑÍA, DEMANDANTE Y APELADA, *v.* ALONSO
DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Arecibo
en causa sobre cobro de pesos.

No. 1196.—Resuelto en mayo 5, 1915.

ALEGACIONES—DOCUMENTOS ACOMPAÑADOS O COPIADOS EN LA DEMANDA—AUTEN-
TICIDAD—OTORGAMIENTO.—La autenticidad y otorgamiento de un documento
acompañado a la demanda o copiado literalmente en la misma, se conside-
rarán admitidos, si en la contestación no se niega específicamente y bajo
juramento dicha autenticidad y otorgamiento.

CUENTA CORRIENTE—REGLA CONTENIDA EN EL ARTÍCULO 119 DEL CÓDIGO DE ENJUI-
CIAMIENTO CIVIL.—Una cuenta corriente, atendida su peculiar naturaleza, no
puede considerarse como uno de los documentos que tuvo en mente el legisla-
dor al establecer la regla contenida en el artículo 119 del Código de Enjui-
ciamiento Civil.

ALEGACIONES—DOCUMENTO BASE DE LA ACCIÓN O DEFENSA—ALEGACIONES JURA-
DAS.—Ordinariamente prescriben los estatutos que no se permitirá a nin-
guna persona negar en el juicio el otorgamiento de ningún documento escrito,
lleve a nó sello, y que constituya la base de la acción o defensa, a menos
que la parte que formule dicha negativa lo haga por medio de alegación
jurada.

ID.—DOCUMENTOS QUE COMPRENDE LA REGLA SOBRE LA NECESIDAD DE QUE LAS
IMPUGNACIONES SEAN JURADAS.—La regla según ha sido expuesta al hacer
referencia de que las impugnaciones sean juradas, es aplicable a las cláusulas
de incorporación de una asociación, pagarés, cancelación del sello de rentas
internas que sea necesario para dar validez a un documento, orden para
pago de dinero, fianzas, conocimientos, garantías, escrituras, arrendamien-
tos, hipotecas, listas de suscripciones, pólizas de seguros, recibos, cartas
de pago y contratos de transacciones, certificados de ventas en pública subasta
y escrituras de ventas judiciales, cesiones y endosos. No tiene aplicación
a un decreto de una corte, a una cuenta por mercancías, a un testamento
que no se haya probado su validez, ni a los asientos que se hacen en los
libros de acciones de una corporación.

COBRO DE PESOS—PRUEBAS—EXAMEN DE LAS PRUEBAS.—Examinadas las prue-
bas en este caso, se resolvió que la corte inferior obró correctamente al
declarar con lugar la demanda y sin lugar la contrademanda.

Los hechos están expresados en la opinión
Abogado del apelante: *Sr. Pedro Amado Rivera.*
Abogado de la apelada: *Sr. Antonio Suliveres.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del
tribunal.

El presente es un recurso de apelación interpuesto contra

sentencia de la Corte de Distrito de Arecibo por virtud de la cual se condenó al demandado Francisco Alonso a pagar a la demandante Gandía y Cía. la suma de $728.53, los intereses legales a contar desde la fecha de la interposición de la demanda y las costas.

La sociedad demandante alegó en resumen que había celebrado un contrato por término de dos años con el demandado por virtud del cual le dió en arrendamiento una tahona para elaborar pan, situada en el barrio de Dominguito de la jurisdicción de Arecibo, fijándose el precio del arrendamiento en 75 pesos mensuales y debiendo el demandado entregar a la demandante en determinadas condiciones pan del que elaborara; que el demandado ocupó la tahona en noviembre de 1910 y remitió a la demandante diversas partidas de pan de acuerdo con el contrato, sosteniendo ambos cuentas corrientes; que liquidada por la demandante su cuenta corriente con el demandado a dos de noviembre de 1912, fecha en que terminó el contrato, resultó el demandado con un saldo deudor de $728.53, y que cobrado dicho saldo al demandado, éste se negó a satisfacerlo, viéndose la demandante en la necesidad de entablar entonces este pleito. A la demanda se acompañó la cuenta corriente del demandado con la demandante.

El demandado en su contestación aceptó como cierto el hecho de la celebración del contrato y el de que llevaba cuenta corriente con la demandante, pero alegó que nada debía a ésta, porque el 12 de noviembre de 1911 un inspector de sanidad ordenó la clausura de la tahona arrendada hasta que se realizaran ciertas obras que nunca se llevaron a efecto. La contestación no está jurada.

El demandado, además, estableció una contrademanda alegando substancialmente que por virtud del cierre de la tahona y por no haber la demandante cumplido con el deber que tenía de hacer las reparaciones ordenadas por la sanidad, se vió obligado a dejar de trabajar desde la fecha del dicho cierre o sea desde el 12 de noviembre de 1911, sufriendo perjuicios que calcula en mil pesos.

Trabada así la contienda, se celebró el juicio en el que ambas partes propusieron y practicaron sus pruebas, quedando el pleito concluso para sentencia. Esta fué dictada, en la forma que indicamos al principio, esto es, declarando con lugar la demanda y sin lugar la contrademanda, y contra ella se interpuso el presente recurso de apelación.

El juez de distrito analizó minuciosamente el caso y estableció, en primer término, la conclusión de que habiéndose alegado en la demanda que entre demandante y demandado existía una cuenta corriente que liquidada arrojaba un determinado saldo deudor en contra del demandado, y que habiéndose acompañado a la dicha demanda la expresada cuenta sin que el demandado la impugnara bajo juramento, la autenticidad y otorgamiento en forma de la cuenta corriente de que se trata, debía considerarse admitida de acuerdo con la ley y la jurisprudencia.

En efecto, el artículo 119 del Código de Enjuiciamiento Civil es terminante y clara la jurisprudencia sobre la materia. Véanse los casos de *Sacramento County* v. *Bird,* 31 Cal., 73; *Corcoran* v. *Doll,* 32 Cal., 88 y *County Bank* v. *Greenberg,* 127 Cal., 26. Esta misma Corte Suprema en los casos de *Méndez* v. *Soto Nussa,* 13 D. P. R., 379; *Chiqués* v. *Polo,* 15 D. P. R., 274, y otros, sostuvo la doctrina de que la autenticidad y otorgamiento de un documento acompañado a la demanda o copiado literalmente en la misma, se considerarán admitidos, si en la contestación no se niega específicamente y bajo juramento dicha autenticidad y otorgamiento.

Ahora bien ¿cabe aplicar a este caso el precepto legal y la jurisprudencia invocados? A nuestro juicio se impone una respuesta negativa, en primer lugar, porque una cuenta corriente, atendida su peculiar naturaleza, no puede considerarse como uno de los documentos que tuvo en mente el legislador al establecer la regla contenida en el artículo 119 del Código de Enjuiciamiento Civil, y en segundo lugar, porque aunque pudiera reconocérsele tal carácter, estudiadas en su esencia las alegaciones de ambas partes, se concluye sin

esfuerzo alguno que la cuenta corriente de que se trata no es el documento básico de la acción en este pleito, sino el contrato de arrendamiento celebrado entre demandante y demandado.

La jurisprudencia americana, resumida por Cyc., sobre la materia, es como sigue:

"Ordinariamente prescriben los estatutos que no se permitirá a ninguna persona negar en el juicio el otorgamiento de ningún documento escrito, lleve o nó sello y que constituya la base de la acción o defensa, a menos que la parte que formule dicha negativa lo haga por medio de alegación jurada." 31 Cyc., 530, y casos citados.

"La regla según ha sido expuesta al hacer referencia a la necesidad de que las impugnaciones sean juradas, es aplicable a las cláusulas de incorporación de una asociación, pagarés, cancelación de un sello de rentas internas que sea necesario para dar validez a un documento, a una orden para pago de dinero, fianzas, conocimientos, garantías, escrituras, arrendamientos, hipotecas, lista de suscripciones, pólizas de aseguro, recibos, cartas de pago y contratos de transacciones, certificados de ventas en pública subasta y escrituras de ventas judiciales, cesiones y endosos. No tiene aplicación a un decreto de una corte, *a una cuenta por mercancías,* a un testamento que no se haya probado su validez *ni a los asientos que se hacen en los libros de acciones de una corporación.*" 31 Cyc., 532, y casos citados.

Expuesto lo que antecede, procederemos al estudio del caso en su fondo. No hay cuestión alguna con respecto a la existencia de contrato de arrendamiento. Aceptando la cuenta corriente como un documento presentado como prueba, su saldo indica la deuda del demandado para con el demandante por concepto de alquileres dejados de satisfacer por el demandado a la demandante. No se impugnó ni en las alegaciones del demandado ni por medio de prueba la corrección de dicho saldo. La cuestión verdaderamente debatida en este caso es si el demandado se vió o nó obligado a dejar de usar la cosa arrendada para los fines para los cuales la arrendó. La evidencia que se practicó sobre tal extremo fué amplia y complicada. La de la demandante tiende a probar que si bien es cierto que el 12 de noviembre de 1911 se

presentó en la tahona arrendada un inspector de sanidad y ordenó que se hicieran en ella determinadas reformas, en cuanto la demandante fué avisada, obtuvo un término para hacerlas y en efecto las hizo; y que el demandado no practicó gestión alguna para rescindir el contrato, sino que, por el contrario, al serle propuesta dicha rescisión por los arrendadores, se negó a ello manifestando que era un negocio que le convenía. Y la del demandado tiende a probar que se ordenó de hecho el cierre de la tahona por las autoridades sanitarias; que las reformas que debían hacerse correspondían a los arrendadores y éstos no las hicieron; que solicitó una licencia de la sanidad para abrir de nuevo la tahona y le fué negada, y que no pudo trabajar más en la tahona a partir del 12 de noviembre de 1911.

La corte dió crédito a los testigos de la demandante y a nuestro juicio obró correctamente. No puede negarse que el 12 de noviembre de 1911 el demandado se vió impedido de trabajar por virtud de la intervención de las autoridades sanitarias, pero no puede sostenerse que se ordenara el cierre de la tahona y que el demandado se viera obligado por tanto en absoluto a suspender sus trabajos. La prueba demuestra que se llevaron a efecto reparaciones por la demandante en la tahona después del 12 de noviembre de 1911 y antes del día último de dicho mes. No sólo lo han declarado así dos socios de la demandante, si que también los mismos operarios que las hicieron. Y la prueba demuestra, además, que el demandado no quiso rescindir el contrato manifestando que era un negocio que le convenía y no demostró interés alguno en continuar elaborando pan en la tahona arrendada a la demandante, existiendo dos hechos que tienden a explicar el origen de esa actitud del demandado, a saber: En el arrendamiento celebrado entre la demandante y el demandado se pactó que se rescindiría el contrato si llegara a establecerse en el mismo barrio otra tahona, y de la cuenta corriente acompañada a la demanda y de la misma declaración del demandado en el acto de la vista aparece

que el demandado continuó enviando pan. del fabricado por él en otra tahona, a la demandante, mucho después del 12 de noviembre de 1911: la última partida se remitió el 31 de octubre de 1912. Del primer hecho se deduce que era una condición *sine qua non* para la existencia del contrato que no se estableciera otra tahona; del segundo, que el demandado continuó sin interrupción en el negocio de la elaboración de pan, no obstante el cierre de la tahona de Dominguito, fabricándolo en otra tahona que tenía arrendada en lugar cercano, y de ambos hechos, examinados a la luz de todas las circunstancias concurrentes, se desprende que el objetivo principal del demandado era monopolizar en cierto modo el negocio de la elaboración de pan en aquellos barrios y que tal objetivo podía lograrlo fabricando el artículo en cualquier sitio siempre que a su voluntad permanecieran cerrados los demás.

Siendo ese el resultado de las pruebas, se impone la confirmación de la sentencia apelada, ya que si el demandado dejó de elaborar pan en la tahona arrendada no se debió a los actos u omisiones de la demandante, sino al propio acuerdo del demandado.

Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.

