[Department Two. — May 8, 1883.]

COLUMBUS BARTLETT, ADMR., ETC., RESPONDENT, *v.* FRANKLIN D. COTTLE, APPELLANT.

PROMISSORY NOTE WITH SECURITY—FORM OF ACTION. — Where a mortgage is given to secure the payment of a promissory note, an action cannot be maintained on the note alone, unless the security is valueless. If the security has any value, the action must be brought in pursuance of section 726 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The note in question was secured by a mortgage on real and personal property. The action was brought on the note alone, the complaint being silent as to the mortgage. The existence of the mortgage was set forth in the answer as matter in abatement of the action. The court below found that the security was of no value, and rendered judgment for the plaintiff.

*B. S. Brooks*, for Appellant, argued that the evidence did not justify the finding that the security was valueless.

*C. L. Smith*, for Respondent.

Section 726 of the Code of Civil Procedure is designed merely to protect defendants from more than one action for the

recovery of a debt.    If the plaintiff elects to proceed on the debt alone he may do so, but will be debarred from subsequently attempting to foreclose the security in another action.    (*Ould* v. *Stoddard,* 54 Cal. 613.

THORNTON, J.—It is contended that the judgment in this case ought not to stand, because the security was not valueless when the action was commenced.    On an examination of the testimony, we are of opinion that the security was not without value at the time referred to.    The respondent in his calculation of value of the security leaves out the value of the houses on the leased property (the security in question), which was testified to by Perrine, the lessor.    This action on the note, then, cannot be maintained under the provisions of section 726 of the Code of Civil Procedure.    According to this section, there can be but one action, and that of the character prescribed in it.

Judgment and order reversed and cause remanded.

MYRICK, J., and SHARPSTEIN, J., concurred.