[No. 12816.   Department Two. — May 15, 1890.]

## GIACOMO BARBIERI, RESPONDENT, *v.* CARLOS RA-MELLI ET AL., APPELLANTS.

SEPARATE ACTION UPON DEBT SECURED BY JUNIOR MORTGAGE — SECURITY ORIGINALLY VALUELESS. — A separate action cannot be brought for the recovery of a debt for which a mortgage security has been given, though such security was originally valueless or totally inadequate by reason of prior mortgages to the full value of the premises.

ID. — CONSTRUCTION OF CODE — DEFINITION OF "SECURED." — The word "secured," as used in section 726 of the Code of Civil Procedure, providing that "there can be but one action for the recovery of any debt or the enforcement of any right secured by mortgage," does not import that the security shall be adequate, but has reference only to the purport of the mortgage as it appears on its face.

ID. — WAIVER OF SECURITY. — The plaintiff cannot waive the security and bring an action on the indebtedness, but must bring his action of foreclosure.

ID. — ATTACHMENT WHERE SECURITY HAS BECOME VALUELESS. — Section 537 of the Code of Civil Procedure allows an attachment to issue, though the debt was originally secured by mortgage, if such security, without any act of the plaintiff or the person to whom it was given, has depreciated in value so as to become valueless; but this section has no application to a case where the security was originally valueless or inadequate, and has not changed in value.

APPEAL from a judgment of the Superior Court of San Mateo County.

The facts are stated in the opinion of the court.

*George C. Ross*, for Appellants.

This action is not maintainable, no foreclosure of the mortgage being sought. (Code Civ. Proc., sec. 726; *Biddel* v. *Brizzolara*, 64 Cal. 358; *Porter* v. *Muller*, 65 Cal. 512; *Brown* v. *Willis*, 67 Cal. 235.)

*Joseph F. Cavagnaro*, for Respondent.

The security of a mortgage may be waived. (*Ould* v. *Stoddard*, 54 Cal. 613; *Mascarel* v. *Raffour*, 51 Cal. 242; *Ladd* y. *Ruggles*, 23 Cal. 233; *Bartlett* v. *Cottle*, 63 Cal. 366.) A debt is not " secured " by mortgage if the mortgage is valueless. To put a different construction on section 726 of the Code of Civil Procedure would make it conflict with section 537 of the Code of Civil Procedure.

THORNTON, J.—This is an action to recover seven hundred dollars, money lent, and interest thereon, and comes before this court on an appeal from the judgment. The question to be considered arises on the judgment roll.

It appears, from the findings, that on the 13th of November, 1885, the plaintiff lent to defendants, at their request, the sum of seven hundred dollars, and on the same day they executed a mortgage on a tract of land to secure its payment. On this tract of land there were, at the time that the money was lent and the mortgage of plaintiff executed, two mortgages, — one executed by plaintiff's grantor, Gottardo Turri, to the Savings and Loan Society of the city of San Francisco, to secure the payment of the mortgagor's promissory note for $11,334, and another by the defendants to Turri to secure the payment of three promissory notes of defendants, aggregating in amount the sum of $14,500. Both of these mortgages were recorded in the proper county, but when so

recorded does not appear in the findings. The court finds that there was due of principal and interest on the mortgage executed by Turri the sum of $13,297.12, and on the mortgage by defendants to Turri the sum of $14,525.83. It is further found that at the time of the commencement of this action the mortgage was value-less as a security to the plaintiff; that is to say, that the market value of the land and the improvements put on it by defendants since their purchase was not equal in amount to the sums due on the indebtedness secured by the prior mortgages. The court gave judgment in favor of plaintiff against defendants for the sum of seven hundred dollars, with interest at the legal rate from the date of the loan.

It is contended here on the part of the defendants (appellants) that the action cannot be maintained, for the reason that it is prohibited by section 726 of the Code of Civil Procedure. That section, so far as it bears on this case, reads as follows: "There can be but one action for the recovery of any debt or the enforcement of any right secured by mortgage upon real estate or personal property."

We are of opinion that the point is well taken. The statute is imperative. The word "secured," in the section, does not mean that the security shall be adequate, or that in case prior liens upon it would exhaust the money derived from the land conveyed as security on a sale of it, that then the plaintiff is relieved from bringing the action to foreclose. The proper construction of the language of the statute is, that if the mortgage on its face purports to be a security to the plaintiff, then he must bring his action for foreclosure. This word has reference only to the purport of the mortgage as it appears on its face. The interpretation of it is not proper when its meaning is sought in something outside of the mortgage instrument. The plaintiff is not authorized to waive the security and bring an action on the indebt-

edness, and the court erred in so holding, as it did in effect, and rendering judgment for plaintiff. The cases cited by counsel for plaintiff, to wit, *Ladd* v. *Ruggles,* 23 Cal. 233, *Mascarel* v. *Raffour*, 51 Cal. 242, *Ould* v. *Stoddard,* 54 Cal. 613, and *Bartlett* v. *Cottle,* 63 Cal. 366, have no application to the case before the court, as will be seen by reading them.

The head-note in *Bartlett* v. *Cottle* is incorrect and misleading. It represents this court as holding that where a mortgage is given to secure the payment of a promissory note, an action cannot be maintained on the note alone, *unless the security is valueless.* The court did not decide — nor did it intend to decide — any such point. In fact, the point was not involved in the case. The court below had found that the security was of no value, and rendered judgment for the plaintiff. This court merely said that the court erred in that the value of the houses on the property had been omitted in the calculation. It only decided that the security was not valueless, and did not hold that in such a case an action could be brought on the indebtedness alone.

Nor does section 537 of the Code of Civil Procedure affect this case, as contended by plaintiff. That section allows an attachment to issue where the debt is secured by a mortgage upon real or personal property, and if originally so secured, such security, without any act of the plaintiff or the person to whom the security was given, has become valueless. It does not appear what the value of the land was when the security was given, or that it has depreciated in value at all since that time. *Non constat* that the land was any more valuable when it was accepted as security than it was when the case was tried in the court below. The plaintiff was satisfied with it when he received his mortgage; that must be presumed. Should he be allowed to say at a subsequent day, to get rid of a mandate of the statute (Code Civ. Proc., sec. 726), that it had become valueless? Section

537 refers to a case where the security has changed in the value it had when originally taken,—has so depreciated as to become of no value. It has no reference to a case where there has been no change in value. Having elected to take the security at the value it possessed when the mortgage was originally executed, no change in value having since occurred, he cannot be allowed to urge, to evade a compliance with the provisions of section 726, that it has become valueless.

We are of opinion that the plaintiff is bound by the law to pursue the remedy pointed out by the statute. The land may sell under execution on a decree of foreclosure for enough to pay all the indebtedness secured by the various mortgages. But whether this be so or not, we are of opinion that the court erred in rendering judgment for the plaintiff, and that the judgment must be reversed, and the cause remanded, with directions to the court below to dismiss the action.

Ordered accordingly.

SHARPSTEIN, J., concurred.

McFARLAND, J., concurring. — I concur in the judgment, upon the ground that the rule that an independent action cannot be maintained on a debt secured by mortgage without foreclosing the mortgage has been settled by several decisions of this court, and that there is no sufficient reason for overturning the line of decisions on the subject. If the question were an open one, I would come to a different conclusion.