[L. A. No. 3102.    Department Two.—September 4, 1913.]

MARY SCHEHR and WILLIAM SCHEHR, her Husband, Respondents, v. L. E. BERKEY et al., Defendants; LYON–McKINNEY–SMITH COMPANY (a Corporation), Defendant and Appellant.

LESSOR AND LESSEE—CHATTEL MORTGAGE SECURING LEASE—EVICTION OF ASSIGNEE OF LESSEE IN UNLAWFUL DETAINER—FORECLOSURE OF MORTGAGE.—A lessor of an apartment house, by resorting to the summary action of unlawful detainer for nonpayment of rent against an assignee of the lessees, and thus securing his eviction from the demised premises, did not lose the right to foreclose, as against the original lessees, a chattel mortgage given by them as security for the payment of damages sustained by the lessor on account of the breach of the contract of lease.

ID.—RESTRICTION ON ACTIONS TO ENFORCE DEBT SECURED BY MORTGAGE. Section 726 of the Code of Civil Procedure, providing that "there can be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real or personal property," is inapplicable to such a case.

ID.—ACTION AGAINST SUBSEQUENT MORTGAGEE OF LESSEE—TERMINATION OF LEASE.—The lessor had the right to maintain the action of foreclosure as against a subsequent mortgagee of the mortgaged property, even if the effect of the judgment in the unlawful detainer suit was to terminate the lease, and prevent the original lessees from resuming possession thereunder.

ID.—NEW TRIAL GRANTED SUBSEQUENT MORTGAGEE—NON-PARTICIPATION OF OTHER DEFENDANTS IN NEW TRIAL.—Where, in the action to foreclose the mortgage, a new trial was granted on the motion of the subsequent mortgagee, and thereafter it went to trial on the issues without the presence of its codefendants, the original lessees and his assignees, such action by it amounted to a waiver of its right, if any, to have its codefendants made participants in the new trial.

Id.—Failure to Serve Amendments to Complaint—No Prejudice to Party not Affected by Amendments.—In such action, the failure to serve on the other defendants amendments to the complaint which could affect them only in the event of their becoming liable for a deficiency judgment, was without prejudice to the subsequent mortgagee, because it could not have been liable for such judgment, and was only interested in the issue as to the amount of the damages to be satisfied from the mortgage security, which issue was fully tried under the amended pleadings between it and the plaintiffs without protest on its part.

APPEAL from a judgment of the Superior Court of Los Angeles County and. from an order refusing a new trial. N. D. Arnot, Judge presiding.

The facts are stated in the opinion of the court.

Schweitzer & Hutton, and Oscar A. Trippet, for Appellant.

O'Melveny, Stevens & Millikin, and Walter K. Tuller, for Plaintiffs and Respondents.

Davis, Kemp & Post, and L. K. Parks, for Defendants L. E. Berkey et al.

Fred W. Heatherly, for Defendant H. C. McCulley.

MELVIN, J.—The Lyon-McKinney-Smith Company, a corporation, one of the defendants, appeals from a judgment in favor of plaintiffs and from an order denying its motion for a new trial.

In 1908 L. E. Berkey and Katherine S. Berkey, his wife, leased from Mary Schehr, one of the plaintiffs, a certain apartment house in the city of Los Angeles. The written contract of lease provided for a tenancy of five years from and after June 1, 1908, at a rental of $23,628, payable in monthly installments. Coincident with the signing of this contract the lessees executed in favor of Mary Schehr a chattel mortgage covering the furniture in the apartment house and given to secure the performance of the lease and providing for the payment of damages in the event of a breach thereof. This chattel mortgage was duly recorded on the day of its execution, May 19, 1908. On or about the twentieth day of May,

1908, a chattel mortgage was made, executed, and delivered by the Berkeys to the Lyon-McKinney-Smith Company, to secure the payment of a certain promissory note. This latter mortgage was upon the same property theretofore mortgaged to Mrs. Schehr. Thereafter the Berkeys assigned their lease to C. N. Gary, who in turn assigned it to H. C. McCulley. The rent was duly paid for a time by the original lessees, the Berkeys. From December 1, 1908, to March 1, 1909, it was paid by Gary; and from March 1 to April 1, McCulley paid it. No rent was paid thereafter, and on June 11, 1909, plaintiffs brought an action in unlawful detainer against McCulley, who was in possession of the property. Judgment was given for the amount of the three installments of rent which the court trebled, as provided by statute, and the plaintiffs were restored to possession. The Berkeys were originally made parties to the action, but subsequently it was dismissed as to them and the judgment was against McCulley alone. Thereafter plaintiffs brought this present action to foreclose the mortgage for the purpose of paying the damages sustained by them on account of the breach of the contract of lease. McCulley, Gary, the Berkeys, this appellant, and others were made parties defendant, and the original complaint alleged damage in the sum of eight thousand dollars. On the trial, however, the court held that a provision in the lease for liquidated damages to the amount of five thousand dollars controlled, and gave judgment foreclosing the mortgage for that sum. A motion for a new trial, made by the Lyon-McKinney-Smith Company was granted and the cause was again tried between the plaintiffs and that corporation. It was stipulated that the rental value of the premises from the time of recovery under the suit against McCulley until the end of the term was not more than three hundred dollars a month, and the court found that plaintiffs were entitled to the difference between the rent reserved in the lease for that period and a rental of three hundred dollars per month for the same time—something more than six thousand dollars. Plaintiffs, however, remitted all in excess of five thousand one hundred and fifty dollars together with costs and attorney's fees, and judgment was given for that amount.

The findings were in accord with the facts above outlined, among others being one to the effect that plaintiffs did not

accept Gary and McCulley as assignees of the Berkeys, except by receiving rent from them and that plaintiffs "never did in any way release said defendant Berkey from any of the obligations or liabilities of said lease."

Appellant's principal contention is that the summary action of unlawful detainer and the eviction of the tenant forfeited the lease; that no action could thereafter be brought on the lease for rents or damages unless that right was reserved by the covenants of the lease; that no such reservation exists in the lease here considered; and that by the eviction the landlord waived security for the payment of rents. Appellant's counsel insist that section 726 of the Code of Civil Procedure applies to this case. That section provides that "there can be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real or personal property, which action must be in accordance with the provisions of this chapter."

Counsel for respondents in reply to this contention assert that section 726 of the Code of Civil Procedure relates only to actions brought to enforce a single personal liability. Such actions admittedly may not be split into a number of suits or proceedings. For example, the payee of a note secured by a mortgage must sue on the note and mortgage together in one action. Such is the typical case in which section 726 of the Code of Civil Procedure is most often invoked; but the action at bar is quite different. There was no privity of contract between McCulley and Mary Schehr so far as the chattel mortgage was concerned, nor had there been a complete substitution of McCulley for the Berkeys as lessees. It is true that McCulley had been paying rent and the rent had been accepted, but such facts neither terminated the original lease nor prevented the lessor from looking to the Berkeys as mortgagors and their furniture as security. The Berkeys were liable to the original lessor for the rent by privity of contract, and McCulley was liable by privity of estate. (*Bonetti* v. *Treat*, 91 Cal. 229, [14 L. R. A. 151, 27 Pac. 612].) The effect of such an assignment is to make the lessee a surety for the assignee. (*Brosnan* v. *Kramer*, 135 Cal. 39, [66 Pac. 979] ; *Baker* v. *Maier & Zoebelein Brewery*, 140 Cal. 534, [74 Pac. 22] ; *Summerville* v. *Kelliher*, 144 Cal. 159, [77 Pac. 889].) It was perfectly proper to sue McCulley personally for the

rent and to foreclose the mortgage to obtain the amount of the damage. Clearly section 726 of the Code of Civil Procedure cannot be applied to such a case as this. The liability of the lessees was one thing; the liability of their assignee a different and distinct thing. (*Vandewater* v. *McRea,* 27 Cal. 603; *Carver* v. *Steele,* 116 Cal. 119, [58 Am. St. Rep. 156, 47 Pac. 1007] ; *Adams* v. *Wallace,* 119 Cal. 68, [51 Pac. 14] ; *County Bank* v. *Greenberg,* 127 Cal. 30, [59 Pac. 139] ; *Kinsel* v. *Ballou,* 151 Cal. 759, [91 Pac. 620] ; *Cooke* v. *Mesmer,* 164 Cal. 340, [128 Pac. 917].) But it is contended that the original lessees could not have entered and resumed possession under their contract after the judgment against McCulley which terminated the lease. We doubt this because the judgment was against McCulley alone, but in any event we do not see how it concerns appellant. He was deprived of no rights. The Berkeys might have abandoned the property at any time, allowing the lessor to resort to the mortgaged property for payment of rent and damages. This, in effect, was done by them for when sued herein they suffered default to be entered against them and made no effort to obtain possession of the premises or to pay the debt with other property than that mentioned in the chattel mortgage. Appellant's mortgage was subsequent to that of Mrs. Schehr and he may not complain that the mortgagors permitted her to resort to that source of payment, even to the entire exhaustion of the security if such were necessary.

Appellant further insists that the granting of its motion for a new trial opened the default and that the order was so plenary in its terms that a new trial was granted to all of the defendants. Even if this be conceded, the fact remains that the Lyon-McKinney-Smith Company went to trial on the issues without the presence of its codefendants, and that corporation may not now with good grace complain because they were not parties to the new trial. Its action amounted to a waiver of any right which might have existed in favor of appellant to have its codefendants made participants in the new trial.

But appellant insists that the amendment to the complaint made after the granting of the new trial, made service of the amendment upon all of the defendants absolutely essential. The complaint was changed to conform to the ideas of the court on liquidated damages. The allegation with reference

CLXVI Cal.—11

to such damages was stricken out. Ordinarily such amendments must be served upon all persons "affected thereby"; but these defendants are not complaining. In the event of a deficiency judgment they might possibly be in a position to complain, but we fail to see how appellant is injured by the failure to serve copies of the amendment upon them. Appellant's only interest is in the amount of the property to be taken in satisfaction of the judgment. It has no interest in the liability of the other defendants under a deficiency judgment. We fail to see how, as a subsequent lienholder, the corporation was injuriously affected by the failure to serve the amendment to the complaint upon them. The amount of damages to be satisfied from the security was the only issue in which appellant was interested and that was fully tried under the amended pleadings between the corporation and the plaintiffs, without protest on the part of the former.

The judgment and order are affirmed.

Henshaw, J., and Lorigan, J., concurred.

Hearing in Bank denied.