[L. A. No. 4757. Department Two.—January 15, 1918.]

DENVER STOCKYARDS BANK (a Corporation), Appellant, v. MARY MARTIN et al., as Executrices, etc., Respondents.

APPEAL—FINDINGS—WRITTEN INSTRUMENT SET UP BY COPY IN ANSWER —ADMISSION OF GENUINENESS AND DUE EXECUTION—FAILURE TO DENY BY AFFIDAVIT.—Where a record on appeal from a judgment shows that the answer set up as a part of its defense a mortgage, a purported copy of which was made a part of the answer, and the record discloses no affidavit denying the genuineness and due execution of the instrument, it must be held by an appellate court that these things were admitted.

MORTGAGE—SECURED PROMISSORY NOTE—PROPERTY OUTSIDE THE STATE —ACTION ON NOTE.—Section 726 of the Code of Civil Procedure, prescribing a suit to foreclose as the only form of action to recover a debt secured by mortgage, has no application. to a note secured by a mortgage on property outside the state.

ESTATE OF DECEASED PERSONS — CLAIM AGAINST ESTATE — NOTE SE-
CURED BY MORTGAGE — PROPERTY OUTSIDE THE STATE.—A claim
against the estate of a decedent founded upon a note secured by
mortgage on property outside the state, is not a claim "secured
by mortgage" in contemplation of section 1497 of the Code of
Civil Procedure, and therefore, in presenting such a claim to the
executor or the probate court, it is unnecessary to attach a copy
of the mortgage.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a motion to
vacate the judgment and enter judgment for the appellant.
Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Jas. W. Bell, and Ponsford & Carnine, for Appellant.

A. Johnston, and Kendrick & Ardis, for Respondents.

MELVIN, J.—Plaintiff appeals from a judgment against
it and from an order denying its motion to vacate the judg-
ment and to enter judgment in favor of said plaintiff.

The suit was upon a rejected claim upon a promissory note
for four thousand dollars and interest at eight per cent per
annum, executed by J. M. Martin, defendants' testator, in
favor of George D. and Charles W. Woolley, or order, and
transferred and delivered to plaintiff before maturity. The
note is set out in the pleadings. It is dated Craig, Colorado,
August 23, 1911, and is made payable "on or before June
21st, 1914," at a designated bank in Craig.

The court found the execution of the note; its due transfer
to plaintiff before maturity; the presentation of a claim
against the estate of J. M. Martin, deceased, based upon said
note, and the rejection of that claim by the executrices, who
are respondents herein. But it was found also that the note
was secured by mortgage of even date upon certain described
property in Moffat County, Colorado; that said mortgage had
been duly recorded on the day of its execution; that neither
the mortgage deed nor a copy thereof nor any reference
thereto appeared as a part of plaintiff's claim as presented
against the estate of Martin, and that the mortgage had not
been satisfied or discharged. The court's conclusion of law
that defendants properly rejected the demand against the

estate of their testator was based upon the failure to describe or refer to the mortgage in the claim presented to them.

Appellant contends that defendants failed to prove the mortgage by competent evidence; that even if the existence of the mortgage was sufficiently established, the court improperly excluded evidence tending to show that the security had become valueless and thus to excuse reference to the mortgage; that by basing its claim on the note alone, plaintiff waived the security of the mortgage, and that the statute upon which respondents rely has no extraterritorial force.

Appellant attacks the finding whereby the existence of the mortgage is declared. Certain oral testimony given and a copy of the alleged mortgage introduced in evidence are subject to appellant's objection, but even if the court's rulings with reference to these matters were erroneous (and we do not decide that they were), the fact remains that the answer averred the due execution of the mortgage and a purported copy was attached to the answer and made a part thereof. The record discloses no affidavit denying the genuineness of the mortgage and its due execution, and we must hold, therefore, that these things were admitted. (Code Civ. Proc., sec. 448; *Rosenthal* v. *Merced Bank,* 110 Cal. 198, [42 Pac. 640]; *Moore* v. *Copp,* 119 Cal. 429, [51 Pac. 630]; *Knight* v. *Whitmore,* 125 Cal. 198, [57 Pac. 891]; *Cordano* v. *Wright,* 159 Cal. 610, [Ann. Cas. 1912C, 1044, 115 Pac. 227]; *McKenzie* v. *Ray,* 168 Cal. 618, [143 Pac. 1018].)

Respondent's case rests upon the provisions of sections 726 and 1497 of the Code of Civil Procedure, the first forbidding a separate action upon a note secured by a mortgage, and the second providing that a claim against an estate, when founded on a note, must be accompanied by a copy thereof, together with a description of a recorded mortgage or the lien supporting the claim or any part thereof. It is true that in *Barbieri* v. *Ramelli,* 84 Cal. 154, [23 Pac. 1086], it was held that a plaintiff may not waive his security and declare on the indebtedness, but must bring his action of foreclosure, and the same rule has been stated in *Gnarini* v. *Swiss American Bank,* 162 Cal. 181, [121 Pac. 726], *National Hardware Co.* v. *Sherwood,* 165 Cal. 1, 6, [130 Pac. 881], and *Crescent Lumber Co.* v. *Larson,* 166 Cal. 168, [135 Pac. 502]. Respondents cite many authorities to the effect that failure to present the mortgage to the executrices in the manner required by the

statute now prevents recovery. Among these are *Estate of Turner*, 128 Cal. 388, [60 Pac. 967], *Pitte* v. *Shipley*, 46 Cal. 154, *Bank of Sonoma County* v. *Charles*, 86 Cal. 322, [24 Pac. 1019], and *Evans* v. *Johnston*, 115 Cal. 180, [46 Pac. 906]. But all of these authorities refer to claims secured by liens on property in California. In *Felton* v. *West*, 102 Cal. 266, [36 Pac. 696], the note in suit was secured by a mortgage on property in Oregon. Foreclosure was accomplished in that state in a suit in which substituted service on the defendants had been obtained and the property was sold for a sum less than the indebtedness. No deficiency judgment was entered. The holder of the note credited upon it the amount of the judgment obtained in Oregon and then sued upon the note in this state. Section 726 of the Code of Civil Procedure was invoked by the defendants, but the court held that section inapplicable to cases in which the mortgage security was in another state. Any other construction, it was declared, would result in the gravest injustice to the payee or his representative. In *McGue* v. *Rommel*, 148 Cal. 539, [83 Pac. 1000], it was again held that the provision of section 726 of the Code of Civil Procedure, that there can be but one action for the recovery of a debt secured by mortgage, namely, a suit to foreclose, refers solely to debts secured by mortgages in the state of California. Under the analogy of these authorities it is apparent that the claim founded on the note was not "secured by a mortgage" in contemplation of section 1497 of the Code of Civil Procedure and, therefore, it was unnecessary to attach a copy of the mortgage to the said claim. Such a procedure would be useless because there could be no foreclosure of the mortgage by suit in California, and consequently no necessity for presenting it to the executrices or the probate court.

Our conclusion upon this branch of the case makes it unnecessary to consider the other interesting questions presented by the briefs.

The judgment and order are reversed.

Wilbur, J., and Victor E. Shaw, J., *pro tem.*, concurred.

Hearing in Bank denied.