[S. F. No. 9783.   In Bank.—October 30, 1922.]

WESTERN FUEL COMPANY (a Corporation), Appellant,
v. SANFORD G. LEWALD CO. (a Corporation), Respondent.

[1] PAYMENT—TAKING OF NOTES FOR DEBT—EFFECT OF.—An indebtedness for which promissory notes are taken is not paid in the sense that it is absolutely discharged unless it is distinctly so understood by the parties, and if default be made upon the notes, an action can be maintained upon the original debt as if the notes had never been given.

[2] ID.—TAKING OF MORTGAGE SECURITY FOR DEBT—REMEDY—FORECLOSURE.—In view of section 726 of the Code of Civil Procedure, a creditor who has been given a promissory note secured by a mortgage upon real property for a pre-existing indebtedness cannot waive the security and sue on the indebtedness, but must bring his action of foreclosure.

[3] MORTGAGE—SINGLE FORM OF ACTION—CONSTRUCTION OF CODE.—Under the code an independent action at law cannot be maintained for a debt, whatever the form, if it is secured by a mortgage, and this is so even where a mortgage is given to secure a debt already secured.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Henry M. Owens, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ira S. Lillick for Appellant.

Lucius L. Solomons, Walter H. Robinson and Fred C. Peterson for Respondent.

WASTE, J.—Plaintiff brought this action to recover the sum of $8,000, as a balance due on a book account. The complaint alleged that on November 30, 1916, the defendant was indebted to plaintiff in the sum of $13,513.15 for coal sold and delivered; that on the second day of December, 1916, the defendant made, executed and delivered to plaintiff two promissory notes for $3,750 and $8,000, respectively, payable one day after date; that the note for $8,000 was secured by a mortgage upon real property, of even date, and

duly recorded; that the full face value of said notes was credited to defendant on said book account on the date of their execution, and the balance of $1,763.15 was carried forward on said book account, and was thereafter paid by the defendant; that no part of the principal of said $8,000 note has been paid; that on or about the 26th of November, 1920, plaintiff canceled and offered to redeliver said $8,000 note to defendant, and at said time offered to defendant to redeliver the mortgage securing the same, together with the release thereof, duly executed, but the defendant refused to accept said offer of plaintiff, and said note and mortgage, together with said release, are now held by plaintiff for defendant, subject to its directions. A demurrer on general and special grounds was interposed. It was sustained, without leave to amend, and from the judgment which followed plaintiff has appealed.

[1] On the face of the complaint no question can be raised but that the amount of the original indebtedness of the defendant to the plaintiff, represented by the book account, was covered by the two notes executed by the defendant on December 2, 1916. It is not alleged in the complaint that the notes were taken in payment. The situation is, therefore, governed by the well-established rule, that in such a case, the indebtedness for which the notes are taken is not paid, in the sense that it is absolutely discharged. If default be made upon the notes, an action can be maintained upon the original debt, as if the notes had never been given. (*Ellison* v. *Henion,* 183 Cal. 171, 174 [11 A. L. R. 444, 190 Pac. 793].) The taking of a note for a pre-existing debt is not payment, unless it is distinctly understood that the note is taken as such. The note only postpones the time of payment of the old debt until default is made in payment of the note. (*Gnarini* v. *Swiss-American Bank,* 162 Cal. 181, 184 [121 Pac. 726].) [2] It was the contention of the plaintiff, therefore, that as the complaint does not show that the unpaid portion of the original debt was extinguished by the acceptance of the secured note, it may sue on the open book account as if the note and mortgage had not been given, and the complaint states a cause of action. In making this contention appellant overlooks the rule of law in this state, that there can be but one action for the recovery of any debt or the enforcement of a right

secured by mortgage. (Sec. 726, Code Civ. Proc.) The plaintiff cannot waive the security and sue on the indebtedness, but must bring his action of foreclosure. The statute is imperative. (*Barbieri* v. *Ramelli,* 84 Cal. 154, 156 [23 Pac. 1086]; *Gnarini* v. *Swiss-American Bank, supra.*) [3] Under the code sections an independent action at law cannot be maintained for a debt, whatever the form, if it is secured by a mortgage. (*Biddel* v. *Brizzolara,* 64 Cal. 354, 358 [30 Pac. 609].) This is so even where a mortgage is given to secure a debt already secured. The code provides, in effect, that *whenever* a mortgage is given to secure a debt there can be but one action for its recovery or enforcement. After it is given, the law steps in and limits the action to foreclosure proceedings to enforce the debt. (*Commercial Bank* v. *Kershner,* 120 Cal. 495, 498 [52 Pac. 848].) We find nothing in *Martin* v. *Becker,* 169 Cal. 301 [Ann. Cas. 1916D, 171, 146 Pac. 665] so much relied upon by appellant, to militate against the application of section 726 to the facts in this case. The court was there dealing with the question of liens, and it was held (p. 317) that a materialman, in taking mortgage security from the contractor for the value of the material which he might sell to him, did not lose his right to a mechanic's lien. The court said (p. 305) "that the law never contemplated that because a man had taken a mortgage he could not take other independent security for his debt, and, if the contract for such security permitted it, enforce such contract without recourse to the mortgage debt." That case points out that section 726 is designed for the protection of the primary debtor (p. 305), and in the action to foreclose the materialman's lien, the plaintiff was not proceeding against the mortgagor, who was not even a necessary party to the action (p. 309).

It is clear under the facts alleged in the complaint that the promissory note taken by the plaintiff from the defendant was but the evidence of the debt represented by the pre-existing book account. The mortgage was taken as security for the payment of that indebtedness. No waiver by respondent is pleaded, and the security is not shown to have become valueless. Appellant has not, therefore, brought (itself) within a statement of facts sufficient to state a cause of action, it not being shown that it has exhausted the remedy provided through foreclosure of the

security taken by it for the payment of the original indebtedness.

The demurrer to the complaint was properly sustained.

The judgment is affirmed.

Lennon, J., Richards, J., *pro tem.*, Lawlor, J., Shaw, C. J., and Wilbur, J., concurred.