### MAXWELL v. RICKS (NINEMIRE, Garnishee).

(District Court, W. D. Washington, N. D. January 18, 1923.)

No. 6662.

Mortgages ⬤═218—Under California statute, holder cannot ignore mortgage and sue at law on note.

Where a note was given in California, and secured by mortgage on land in that state, Code Civ. Proc. Cal. § 726, providing that there can be but one action for enforcement of any right secured by mortgage, in which the court may direct the sale of the mortgaged property and application of the net proceeds on the debt, became a part of the contract, and the holder cannot ignore the mortgage and sue at law on the note in another state.

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

At Law. Action by J. W. Maxwell against Eva L. Ricks, in which G. W. Ninemire is garnishee. Judgment for defendant.

Edwin H. Flick and Alfred J. Schweppe, both of Seattle, Wash., for plaintiff.

Sullivan & Sullivan and Theo. J. Roche, of San Francisco, Cal., and C. A. Riddle, of Seattle, Wash., for defendant.

CUSHMAN, District Judge. The defendant, in California, executed notes secured upon real estate in California, each of which notes recited: "This note is secured by mortgage of even date." Suit is brought in this court upon the notes, by a purchaser before maturity, plaintiff, at the time of purchase, knowing the mortgage was upon land in California. The complaint alleges that the land mortgaged has no market value, and tenders defendant "the instrument describing said security," by which the mortgage is evidently meant. Defendant pleads the following statute of California:

"Sec. 726. *Proceedings in Foreclosure Suits.* There can be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real or personal property, which action must be in accordance with * * * this chapter. In such action the court may, by its judgment, direct the sale of the incumbered property (or so much thereof as may be necessary), and the application of the proceeds of the sale to the payment of the costs of court, and the expenses of the sale, and the amount due plaintiff, including, where the mortgage provides for the payment of attorney's fees, such sum for such fees as the court shall find reasonable, not exceeding the amount named in the mortgage."

Defendant alleges the lands mortgaged to be of the reasonable worth and value of $20,000. No action or suit has ever been begun for the foreclosure of the mortgage. The evidence has shown the land mortgaged to be of considerable value.

By plaintiff it is contended that the foregoing statute relates solely to the remedy and does not inhere in the contract, and therefore a suit may be maintained in Washington on the notes alone. Defendant contends that, the notes and mortgage having been executed in California and the land mortgaged being in California, the right under the statute to have the mortgaged realty devoted to the satisfaction of the notes before defendant is harassed further inheres in the contract, and that plaintiff cannot waive it, and that, for that reason, the suit should be dismissed.

The court deems defendant's contention to be the law applicable to the situation. While the statute, in form, relates to the remedy, yet it gives defendant a right to have the mortgaged property exhausted before she is forced to pay anything further, and, the contract having been made in view of the statute, the latter forms a part thereof. Any public policy favoring the unimpaired negotiability of such instruments is outweighed by the consideration that the state of a man's residence should not be made for him a house of refuge. The refusal of the courts of other jurisdictions to give a liberal construction to laws enacted by such a state to protect its resident contract debtors, it is perfectly clear, would not more closely knit the bonds of union. If plaintiff secured judgment in this suit, under the full faith

and credit clause of the Constitution, he could sue upon his judgment in California and resort to any property of the defendant, not exempt, for its satisfaction, thereby easily defeating the purpose of the law.

The following cases, which have been called to the court's attention, are not controlling, for reasons which may be briefly stated:

London & San Francisco Bank v. Dexter Horton & Co., 126 Fed. 593, 61 C. C. A. 515 (9th C. C. A.): The land mortgaged was situated in Washington. The California statute was held not to apply.

Dolbear v. Foreign Mines Devel. Co., 196 Fed. 646, 116 C. C. A. 338 (9th C. C. A.): The defense was not one made by the mortgagor, a corporation, but was sought to be invoked by a stockholder, sued upon his liability as stockholder of the corporation for its debts.

Mantle v. Dabney, 47 Wash. 394, 92 Pac. 134: The note was given in Montana. The land mortgaged was in California. The court held a similar statute of Montana would not defeat plaintiff's action upon the note in a Washington court.

Felton v. West, 102 Cal. 266, 36 Pac. 676: The land mortgaged was in Oregon. The statute was held to apply only to actions to recover debts secured by mortgage upon land in California.

Denver Stockyards Bank v. Martin, 177 Cal. 223, 170 Pac. 428: The note was given in Colorado, and was secured by a mortgage in Colorado. Suit was brought in California.

Martin v. Becker, 169 Cal. 301, 146 Pac. 665, Ann. Cas. 1916D, 171: The statute was held to be for the benefit of the primary debtor, and held not to defeat the foreclosure of a mechanic's lien also securing the mortgagee.

Savings Bank v. Central Market, 122 Cal. 28, 54 Pac. 273: The plaintiff was the holder of a second mortgage upon property which had been exhausted upon the foreclosure of the first mortgage.

The following decisions of the California Supreme Court support the defense and are binding upon this court:

Barbieri v. Ramelli, 84 Cal. 154, 23 Pac. 1086: In the foregoing case the defense was held good, even though the property mortgaged proved valueless.

Meyer v. Weber, 133 Cal. 681, 685, 65 Pac. 1110; Bartlett v. Cottle, 63 Cal. 366; Ould v. Stoddard, 54 Cal. 615; Gnarini v. Swiss American Bank, 162 Cal. 181, 121 Pac. 726. See, also, 27 Cyc. 1274, J, 2, 1275, and 1276.

On account of the conclusion reached, the other questions involved need not be considered.

Findings and judgment for defendant.