(No. 5208.   February 14, 1929.)

GEORGE B. YORK, Respondent, v. J. N. ROBERTS and
LEE ROBERTS, Appellants.

[274 Pac. 799.]

D. L. Carter and Frank D. Ryan, for Appellants.

George Donart, for Respondent.

BUDGE, C. J.—A first mortgage on land belonging to Benjamin F. Price and Katherine Price was executed in favor of one Stevenson, in the amount of $4,500, and about a year thereafter the Prices gave a note and second mortgage on the same property to respondent to secure a loan of $1,000. This note was signed by appellants, with the Prices, as comakers. Appellants were not mortgagors. The land was conveyed to Stephenson in satisfaction of the first mortgage, and he paid respondent $200 in consideration of the release of the second mortgage. This was without the knowledge or consent of appellants. The $200 was credited on the note by respondent, who brought this action against appellants to recover the alleged balance due and unpaid thereunder. From a judgment rendered in favor of respondent, appellants appeal.

The principal question here is whether or not an action can be maintained upon the note in view of the release of the mortgage by respondent without foreclosure of the same, as provided in C. S., sec. 6949.

We must answer the question in the negative, unless it be shown that the security had become valueless subsequent to the giving of the mortgage. If the security still exists in its original form, it did not become valueless. Since an action to foreclose a mortgage is one *in rem,* the property being primarily liable for the debt it must be first resorted to. Under the facts of this case the security was not valueless within the meaning of C. S., sec. 6949, as construed in *Clark v. Paddock,* 24 Ida. 142, 132 Pac. 795, 46 L. R. A., N. S., 475. See, also, *First Nat. Bank of Lewiston v. Williams,* 2 Ida. 670, 23 Pac. 552. The supreme court of California passed squarely on the point in *Barbieri v. Ramelli,* 84 Cal. 154, 23 Pac. 1086, under a statute containing similar provisions, saying:

"It is contended here on the part of the defendants (appellants) that the action cannot be maintained, for the reason that it is prohibited by section 726 of the Code of Civil Procedure. That section, so far as it bears on this case, reads as follows: 'There can be but one action for the recovery of any debt or the enforcement of any right secured by mortgage upon real estate or personal property.' We are of the opinion that the point is well taken. The statute is imperative. The word 'secured' in the section does not mean that the security shall be adequate, or that, in case prior liens upon it would exhaust the money derived from the land conveyed as security on a sale of it, that then the plaintiff is relieved from bringing the action to foreclose. The proper construction of the language of the statute is that, if the mortgage on its face purports to be a security to the plaintiff, then he must bring his action for foreclosure. This word has reference only to the purport of the mortgage, as it appears on its face. The interpretation of it is not proper when its meaning is sought in something outside of the mortgage instrument. The plaintiff is not authorized to waive the security, and bring an action on the indebtedness, and the court erred in so holding, as it did in effect, and rendering judgment for plaintiff."

To the same effect is *Western Fuel Co. v. Sanford Lewald Co.*, 190 Cal. 25, 210 Pac. 419.

The judgment is reversed, with costs to appellants.

Givens, Taylor and Wm. E. Lee, JJ., and Hartson, D. J., concur.