[S. F. No. 12768. In Bank.—April 15, 1929.]

J. R. BAYLESS et al., Appellants, v. W. E. AMES et al., Respondents.

Mark H. Edwards for Appellants.

Walter E. Bruns for Respondents.

CURTIS, J.—The defendants were on the twelfth day of June, 1921, the owners of two lots in the Navelencia Farms tract in the county of Fresno, which on that day they agreed to sell to Joseph Vaughn for the sum of $12,000, "to be paid by the said Joseph Vaughn by applying to the payment of the interest at the rate of eight per cent per annum, and the excess as a payment on the principal sum, sixty per cent of the gross proceeds received from the sale. of all crops to be grown on the premises to be sold." Thereafter, and on the twentieth day of June, 1921, the plaintiffs purchased from said defendants said premises subject to said agreement of sale, entered into by defendants and said Joseph Vaughn. At the time of said purchase and as a part of the same transaction the parties herein entered into a written agreement, whereby the defendants agreed that in case Vaughn failed to comply with the terms of his agreement "they will at their own cost and expense enter upon said premises in his place and stead and do and perform all and every act or thing by him to be done or performed and care for and market the crops growing on said premises and apply the proper portion of said proceeds to the payment of the obligation assumed by the said Joseph Vaughn." At the same time this agreement was entered into, and for the purpose of securing the faithful performance thereof on the part of the defendants they executed and delivered to the plaintiffs a conveyance in the nature of a mortgage of certain real property owned by them and situated in the city of Reedley, in said county of Fresno. It is recited therein that "This conveyance is intended as a mortgage to secure the payment of certain sums reserved to be paid to the parties of the second part (the plaintiffs herein) under a certain agreement of warranty bearing date of June 20th, 1921, under which the parties of the first

part herein (the defendants) are the parties of the first part therein and the parties of the second part herein are the parties of the second part therein." This mortgage was duly recorded in the office of the county recorder of the county of Fresno. Joseph Vaughn who entered into the agreement of purchase of said land from the defendants failed to keep the terms of his said agreement and evidently abandoned said premises and failed to cultivate the same or to pay to the plaintiffs any of the proceeds from the sale of crops grown thereon. The plaintiffs called upon the defendants to comply with the terms of their agreement of June 20, 1921, wherein defendants had agreed that in case Vaughn failed to comply with the terms of his contract of June 12, 1921, they (defendants) would "at their own costs and expense enter upon said premises in his place and stead and do and perform all and every act or thing by him to be done or performed," etc. The defendants refused to comply with said request, and thereby violated their said agreement with the plaintiffs. Thereupon the plaintiffs brought an action in damages against the defendants in this action for breach of said contract of warranty and upon the trial thereof were awarded a judgment against defendants in the sum of $3,000, damages for breach of contract, $250 attorney's fee as provided in said contract, and costs of suit.

Thereafter the plaintiffs instituted the present action to foreclose said mortgage against real property situated in the city of Reedley and owned by the defendants, claiming that there was due them the amount of the judgment recovered in the damage action, certain sums expended by them in payment of taxes on the mortgaged premises, a further attorney's fee for foreclosure of the mortgage and costs of suit. They asked in addition to the recovery of these several amounts, the foreclosure of their mortgage and the sale of said real property in the city of Reedley, and for judgment against defendants for any deficiency which might remain after applying the proceeds of said sale to the satisfaction of said judgment. The defendants in their answer to the complaint in this action set up the contract of June 20, 1921, between the parties hereto, the institution of the action brought thereon to recover judgment for damages for the breach thereof, and the judgment rendered therein

in favor of plaintiffs and against defendants, and further claimed and alleged in their said answer that ''the plaintiffs herein are now debarred from maintaining this action on the mortgage set out and herein sued on by reason of the provisions of section 726 of the Code of Civil Procedure and the law of the State of California.'' The trial court found the facts as alleged in the answer of defendants, and held that plaintiffs were barred from maintaining this action by virtue of the provisions of said section 726 of the Code of Civil Procedure. We might add that there is no contention but that the facts are as alleged in defendants' answer and as found by the court, the only claim made by the plaintiffs being that the trial court erred in its conclusion of law as to the effect of said section of the code upon the facts as found by the court.

The provisions of said section 726 relied upon by the defendants, as a bar to plaintiffs' maintaining this action, read as follows: ''There can be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real or personal property, which action must be in accordance with the provisions of this chapter.'' It is admitted that the action brought by the plaintiffs against the defendants in which they recovered damages for the breach of the contract of date June 20, 1921, was a simple action for the recovery of damages for the breach of contract, and no attempt was made to foreclose the mortgage given to secure the performance of said contract. Plaintiffs do not question the general applicability of the rule laid down by said section 726. They concede that a person whose debt or right is secured by a mortgage cannot in an action secure a judgment for the debt or the enforcement of the right and thereafter commence an action for the foreclosure of the mortgage given to secure said debt or right. This doctrine, they admit, was clearly confirmed in the case of *Ould* v. *Stoddard,* 54 Cal. 613, and has since been strictly adhered to in the decisions of this court. They contend, however, that there are exceptions to the rule thus announced and that the facts of the present case bring it within an exception to that rule.

In support of this contention plaintiffs assert that the liability of the defendants in the present action is primary, whereas in the original action, although they were the sole

defendants, they were sued in a different capacity and that in the former suit the liability of the defendants was secondary to the liability of Vaughn, whose performance of the contract they merely guaranteed. Whether defendants' liability was a primary or secondary liability, it was but one liability—an agreement to answer to plaintiffs for the default or failure of Vaughn to carry out the terms of his contract. We think a proper statement of the legal effect of the contracts of the parties would be to say that Vaughn's liability to the plaintiffs was a primary liability, and defendants' agreement to answer for Vaughn's default, was a secondary liability. Had plaintiffs brought action in the first instance against Vaughn to establish his liability, or expressed in another way, to fix the extent of damages sustained by plaintiffs by reason of Vaughn's default, the defendants would not have been necessary parties to said action, and the prosecution of said action against Vaughn alone might not have been a bar to a subsequent action brought by plaintiffs against defendants on their agreement to answer for Vaughn's default. This we understand to be the effect of *Murphy* v. *Hellman Commercial etc. Bank,* 43 Cal. App. 579 [185 Pac. 485], and *Nuetzel* v. *Mackie,* 80 Cal. App. 768 [253 Pac. 166]. But this is just the procedure the plaintiffs failed to pursue. In the first action they sued the defendants and the defendants alone on their agreement to answer for Vaughn's default, and obtained judgment for the amount of damages which the court found they had sustained by reason of said default. Vaughn was not even made a party to said action. In the second action they sought to foreclose said mortgage and recover again the damage to which the court in the prior action found they were entitled. It would be difficult to conceive of a clearer or more complete and direct violation of the terms of section 726 of the Code of Civil Procedure than that we have here presented. The action is not sustained by the above authorities or by any others cited by the appellants or of which we have any knowledge. The case of *Martin* v. *Becker,* 169 Cal. 301 [Ann. Cas. 1916D, 171, 146 Pac. 665], cited by plaintiffs, is of no assistance to them. In that case, a materialman, who had furnished materials which were actually used in the construction of a building upon the land of the owner, took from the contractor, to

whom the materials were furnished, a mortgage upon real property owned by the contractor to secure their payment. He thereafter brought an action against the owner of the premises to foreclose his lien for materials. In that action it was objected that he could not prosecute his action to foreclose said lien, but was relegated solely to an action to foreclose his mortgage. This objection was not sustained by this court, which held "that the law (section 726 of the Code of Civil Procedure) never contemplated that because a man had taken a mortgage he could not take other independent security for his debt, and if the contract for such security permitted it, enforce such contract without reference to the mortgage debt." In that action, it is is true, the mortgagor, who was also the contractor, was made a party to the action to foreclose the lien of the materialman, but as the court observed, he was not a necessary party to such action. Plaintiffs argue from this that the defendants here were not necessary parties to an action, which might have been brought against Vaughn to determine his liability to the plaintiffs. This is true. But plaintiffs brought no such action. The prior action brought by plaintiffs, as we have already stated, was one brought solely against the defendants to recover against them on their contract of warranty. Neither does the case of *Schehr* v. *Berkey,* 166 Cal. 157 [135 Pac. 41], also cited by plaintiffs, help their case. It was there held that by resorting to an action of unlawful detainer for nonpayment of rent by the tenant and thus securing the eviction of the latter, the lessor or landlord did not lose the right to foreclose, as against the original tenants, a chattel mortgage given by them as security for the payment of damages sustained by the lessor on account of the breach of contract. The court further held in such a case that section 726 of the Code of Civil Procedure was not applicable as "The liability of the lessees was 'one thing; the liability of their assignee a different and distinct thing."

We think that there can be no question but that the present action was brought for the recovery of the same debt to recover which the prior action was instituted and prosecuted to judgment. It was brought against the same parties, the mortgagors named in the mortgage herein sought to be foreclosed, and upon the same contract of guaranty,

upon which the prior action was based. The institution and maintenance of this action, therefore, is expressly prohibited by the provisions of section 726 of the Code of Civil Procedure (*Ould* v. *Stoddard*, 54 Cal. 613; *Western Fuel Co.* v. *S. G. Lewald Co.*, 190 Cal. 25 [210 Pac. 419].)

The judgment is affirmed.

Richards, J., Preston, J., Seawell, J., Shenk, J., Langdon, J., and Waste, C. J., concurred.