PARAMOUNT INSURANCE, INC., a Nevada Corporation, and FRONTIER FIDELITY SAVINGS AND LOAN ASSOCIATION, a Nevada Corporation, Appellants, v. RAYSON & SMITLEY, a Partnership Consisting of WILLIAM G. RAYSON and PAUL V. SMITLEY, PAUL V. SMITLEY and WILLIAM G. RAYSON, McMILLAN & WALKER, a Partnership, JAMES B. McMILLAN, P. S. WALKER and PIONEER FINANCIAL CORPORATION, a Nevada Corporation, Respondents.

No. 6124

July 29, 1970

472 P.2d 530

*Albright, George, Johnson, Steffen & Simmons,* of Las Vegas, for Appellants.

*John Peter Lee, Wiener, Goldwater & Galatz,* and *Dale W. Beasey,* of Las Vegas, for Respondents.

# OPINION

By the Court, COLLINS, C. J.:

This is an appeal from an order of the lower court discharging an attachment the issuance of which was obtained by appellants and levied upon property of respondent Smitley. We affirm that order.

Appellants, hereinafter referred to as Paramount, filed a complaint for judicial foreclosure and waste May 25, 1967. In their complaint they sought judicial foreclosure of 14 deeds of trust securing 14 promissory notes totaling $490,000, of which there remained unpaid $475,245 plus moneys paid by Paramount for fire insurance and taxes in the amount of $39,-464.90, interest, costs, and attorney fees. Damages for waste were left open for later determination.

January 8, 1968, Paramount petitioned for the appointment of a receiver, alleging that the respondents had committed permissive waste by allowing the property secured by the trust deeds to deteriorate. The property was apartments, and some were said to be condemned as unfit for human occupation.

An order appointing a receiver was entered January 18, 1968, in which a lower court judge said that it appeared the mortgaged premises were inadequate security for the mortgage debt and the premises were continuing to deteriorate.

February 28, 1968, the receiver was granted an order permitting him to obtain appraisement and bids for repair of the property and to employ security personnel. On May 13, 1968, Paramount was authorized by the court to enter a cost-reimbursement contract to repair the premises.

October 6, 1969, Paramount filed an affidavit of attachment and directed the sheriff to levy on property of Smitley. October 9, 1969, Smitley moved to discharge the attachment on the grounds that it was improperly and irregularly issued. The grounds alleged were that Paramount's claim against Smitley was secured by a mortgage on real property; that the affidavit was insufficient to establish the security was valueless or of insufficient value; that the security had to first be exhausted before the value could be determined; and that the stay by the federal court relating to Rayson, a partner, applied also to actions concerning Smitley.

The trial judge granted Smitley's motion to discharge the attachment November 14, 1969.

The issues thus presented for our determination are these:

I.   Whether the attachment provisions of NRS 31.010 apply in an action for judicial foreclosure of a trust deed on real property?

II.   Whether an affidavit of a party's counsel is sufficient to establish that the security has become of insufficient value?

1.   We are faced in this appeal with the problem of reconciling, if we can, and giving effect to two Nevada statutes, NRS 31.010[1] and NRS 40.430[2] as construed by an earlier decision of this court in McMillan v. United Mortgage Co., 82 Nev. 117, 412 P.2d 604 (1966).

2.   In *McMillan,* this court held that a trust deed fell within the intendment of the "one-action rule" (NRS 40.430); that

---

[1]NRS 31.010 reads, in pertinent part: "The plaintiff at the time of issuing the summons, or at any time afterwards, may have the property of the defendant attached as security for the satisfaction of any judgment that may be recovered, unless the defendant gives security to pay such judgment, as hereinafter provided, in the following cases:

"1.   In an action upon a judgment or upon a contract, express or implied, for the direct payment of money, which is not secured by mortgage, lien or pledge upon real or personal property situated or being in this state; *or if originally so secured, when such security has, without any act of the plaintiff or the person to whom the security was given, become valueless or insufficient in value to secure the sum due the plaintiff,* in which case the attachment shall issue only for the unsecured portion of the amount due the plaintiff, *or excess of the amount due the plaintiff above the value of the security as the same has become so insufficient."* (Emphasis added.)

[2]NRS 40.430, at the time this action was commenced, read: "Except as provided in chapter 104 of NRS, there shall be but one action for the recovery of any debt, or for the enforcement of any right secured by mortgage or lien upon real estate, which action shall be in accordance with the provisions of this section, and NRS 40.440 and 40.450. In such action, the judgment shall be rendered for the amount found due the plaintiff, and the court shall have power, by its decree or judgment, to direct a sale of the encumbered property, or such part thereof as shall be necessary, and apply the proceeds of the sale to the payment of the costs and expenses of the sale, the costs of the suit, and the amount due to the plaintiff. If the land mortgaged consists of a single parcel, or two or more contiguous parcels, situated in two or more counties, the court may, in its judgment, direct the whole thereof to be sold in one of such counties by the sheriff, and upon such proceedings, and with like effect, as if the whole of the property were situated in that county. If it shall appear from the sheriff's return that there is a deficiency of such proceeds and balance still due to the plaintiff, the judgment shall then be docketed for such balance against the defendant or defendants personally liable for the debts, and shall, from the time of such docketing, be a lien upon the real estate of the judgment debtor, and an execution may thereupon be issued by the clerk of the court, in like manner and form as upon other judgments, to collect such balance or deficiency from the property of the judgment debtor."

the attachment statute, NRS 31.010, applied only when the security was "valueless;" that the mode of determining value of the security is first to exhaust the security by sale pursuant to the trust deed; and, finally, that, "Once the security has been sold and the debt not satisfied, an action on the note with ancillary attachment is permissible." *Id.* at 121 and 122. Accordingly, the issuance of a writ of attachment pursuant to NRS 31.010 by the lower court was reversed on the ground the conclusory affidavit of the creditor was not acceptable to show the security property had become valueless, but instead sale of the security was first required.

3.   We are now faced with the problem of attempting to reconcile that decision with the apparently conflicting rights granted by NRS 31.010 and NRS 40.430, where in a judicial foreclosure proceeding, as distinguished from the sale of security property under a trust deed, the security property is not valueless, but strong evidence is presented to show it is of insufficient value to secure the sum due. We conclude that the rule of McMillan v. United Mortgage Co., supra, should be limited in its application to sale of security property under trust deed and not to judicial foreclosure proceedings.

4.   In deciding *McMillan,* this court relied heavily upon Barbieri v. Ramelli, 23 P. 1086 (1890), which construed a California statute, C.C.P. § 537,[3] from which NRS 31.010 was taken.[4] The Nevada legislature, however, added a significant factor not found in the California statute. The California statute refers only to security which has become valueless, and does not contain the additional words found in the Nevada statute which allows attachment to issue when the security has become insufficient in value.

5.   It is apparent the one-action rule was legislatively adopted to change the common law rule which permitted a

[3]Cal. Statute C.C.P. § 537 reads in pertinent part: "The plaintiff, at the time of issuing the summons, or at any time afterward, may have the property of the defendant attached . . . in the following cases:

"1.   Unsecured contract; support actions. In an action upon a contract, express or implied, for the direct payment of money . . . where the contract . . . is not secured by any mortgage, deed of trust or lien upon real or personal property, or any pledge of personal property, or, if originally so secured, such security has, without any act of the plaintiff, or the person to whom the security was given, become valueless."

[4]See Rev. Laws of Nev. 1912 § 5147.

creditor to pursue either the remedy of sale of the land or suit on the note, or both at once. See McMillan v. United Mortgage Co., supra, at 119, and Bank of Italy v. Bentley, 20 P.2d 940 (Cal. 1933). That purpose is accomplished in a judicial foreclosure proceeding. There is but one judicial action in which the sale of the security is first accomplished, and if any deficiency results in satisfying the debt owed, judgment for the deficient sum is rendered in the same action, which when docketed permits execution to issue.

Unless in that "one-action," attachment might be resorted to upon a proper showing the security has "become . . . insufficient in value to secure the sum due plaintiff" statutory rights of creditor-plaintiffs conferred by NRS 31.010 are effectively denied. In that regard, we must give due consideration to rules of statutory construction previously adopted by this court. In Torreyson v. Board of Examiners, 7 Nev. 19, 22 (1871), cited with approval in Ex parte Smith, 33 Nev. 466, 480, 111 P. 930 (1910), this court said: "[N]o part of a statute should be rendered nugatory, nor any language turned to mere surplusage, if such consequences can properly be avoided." "Laws are also to be construed according to their spirit and meaning, and not merely according to their letter." Lynip v. Buckner, 22 Nev. 426, 439, 41 P. 762 (1895). We see no other way to give simultaneous effect to NRS 31.010 and NRS 40.430.

By so holding, we do not overrule *McMillan*. Language in *McMillan* to the effect that NRS 31.010 applies only when the security is valueless was only dictum. That statute applies only in an "action." Thus, by its terms it is not available when a power of sale under a trust deed by the trustee is exercised. *McMillan* held that the action brought in that case on the note was improper because there had been no waiver of the security. We continue to approve that holding. It was unnecessary to the decision in that case to decide the applicability of NRS 31.010 to "actions" under the "one-action" rule. Subsequent to *McMillan*, this court recognized the alternative of proceeding by judicial foreclosure or trustee's sale was available to the beneficiary of a deed of trust. Nevada Land & Mtge. Co. v. Hidden Wells Ranch, Inc., 83 Nev. 501, 435 P.2d 198 (1967). This decision points out and sharpens the distinctions between those alternatives.

6. In a foreclosure proceeding under NRS 40.430, all the steps required or permitted must be done under judicial

scrutiny and supervision. If, in a foreclosure proceeding under that statute, a plaintiff seeks attachment where the security has become insufficient in value to secure the sum due, defendant has opportunity to seek discharge of that attachment by application to the very court in which the foreclosure proceeding is pending. See NRS 31.200.[5]

7. The affidavit by counsel for Paramount, upon which the attachment was issued, stated only the sum by which the affiant believed the indebtedness exceeded the value of the security. It is a conclusory affidavit which affords no basis for a court to conclude that the security has in fact diminished in value from that it had when accepted by the plaintiff as security, and, as directed by NRS 31.010, has "become valueless or insufficient in value to secure the sum due the plaintiff." See Barbieri v. Ramelli, 23 P. 1086 (Cal. 1890). We hold that an affidavit seeking issuance of a writ of attachment in a judicial foreclosure proceeding must not be merely conclusory and must contain an opinion of value by a witness qualified to express such an opinion. Furthermore, the affidavit must show that the security has decreased in value from the time the security interest attached. The affidavit relied upon in this case does not meet that test. Accordingly, the ruling of the lower court is affirmed.

8. Because of our affirmance of the lower court's ruling on the foregoing basis, it becomes unnecessary to decide whether the federal court stay relating to Rayson applied also to actions concerning Smitley.

Ruling affirmed.

ZENOFF, BATJER, and MOWBRAY, JJ., concur.

THOMPSON, J., concurring:

The court holds that the affidavit supporting the attachment

---

[5]NRS 31.200 reads:

"1. The defendant may also, at any time before trial, apply upon motion, upon reasonable notice to the plaintiff, to the court in which the action is brought or to the judge thereof, for a discharge of the attachment on the following grounds:

"(a) That the writ was improperly issued.

"(b) That the property levied upon is exempt from execution.

"(c) That the levy is excessive.

"2. If the court or the judge thereof on the hearing of such motion shall find that any of the grounds stated in subsection 1 exist, the attachment and levy thereof shall be discharged. If the motion is based upon paragraph (c) of subsection 1 only, and the same is found to exist, the discharge of attachment shall be only as to the excess."

is insufficient and on this basis affirms the order below discharging the attachment. To this extent I agree with the opinion. However, I do not agree that the ancillary remedy of attachment is available in a judicial foreclosure proceeding. Attachment is ancillary to an action "upon a contract, express or implied, for the direct payment of money." NRS 30.010. The majority erroneously assume that judicial foreclosure, NRS 40.430, is such an action. I view judicial foreclosure as a separate statutory proceeding distinct from and not within the contract actions contemplated by the attachment statute. The very purpose of the "one action" rule, 40.430, is to preclude an action upon the secured note with its ancillary aids, unless the security is waived or has become valueless. McMillan v. United Mortgage, 82 Nev. 117, 412 P.2d 604 (1966). This purpose prevents harrassment and accommodates the implied understanding between the parties that the land shall constitute the primary fund to secure the debt. Respectfully, I suggest that the opinion today subverts the underlying purpose of the one action rule. Although McMillan v. United Mortgage, supra, did not concern judicial foreclosure, its reasoning applies with even greater force to a judicial foreclosure proceeding.